United States District Court
Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7    SCANVINSKI JEROME HYMES,                  Case No.16-cv-04288-JSC

8              Plaintiff,

9         v.                                   **ORDER OF SERVICE**

10   MILTON BLISS, et al.,

11             Defendants.

12                              **INTRODUCTION**

13        Plaintiff, an inmate at the San Francisco County Jail, filed this pro se civil rights complaint

14   under 42 U.S.C. § 1983 against six employees and one former employee of the San Francisco

15   County Sherriff's Department who work at the jail.[1]  Plaintiff's application to proceed *in forma*

16   *pauperis* is granted in a separate order.  For the reasons explained below, the complaint is ordered

17   served upon Defendants.

18                              **STANDARD OF REVIEW**

19        Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

21   1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

22   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

23   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

24   § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

25   F.2d 696, 699 (9th Cir. 1990).

26        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27

28   ---
     [1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §
     636(c).  (ECF No. 1 at 4.)

United States District Court
Northern District of California

1   claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

2   statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

3   which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to

4   state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

5   provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

6   formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

7   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

8   127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to

9   state a claim for relief that is plausible on its face." *Id.* at 1974.

10      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

11   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

12   violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

13   42, 48 (1988).

### LEGAL CLAIMS

15      Plaintiff alleges that on June 24, 2104, he was placed in handcuffs and leg irons at the door

16   of his cell when Defendant Scott Neu --- at the time a Deputy in the San Francisco Sherriff's

17   Department --- pushed him to the ground. Neu and Defendants Deputies Jones, Timpano and

18   Gray then proceeded to punch and kick Plaintiff in the face. Plaintiff suffered a broken nose and

19   jaw, and required stitches for lacerations over his eye. Plaintiff further alleges that Defendants

20   Sergeant Bliss, Sergeant Sanchez and Senior Deputy Leonardini prepared reports of the incident

21   which falsely concealed the Deputies' above actions. In addition, according to Plaintiff,

22   Defendant Bliss planned the assault upon him. When liberally construed, Plaintiff's allegations

23   state cognizable claims for relief under Section 1983 against Defendants for violating his

24   constitutional right to be free from the excessive use of force.

### CONCLUSION

26      1.      The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form

27   and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate

28   Judge jurisdiction consent form, a copy of the complaint with attachments, and a copy of this

2

order on **Sergeant Milton Bliss, Sergeant V. Sanchez, Senior Deputy J. Leonardini, former Deputy Scott Neu, Deputy Eugene Jones, Deputy P. Timpano, and Deputy P. Gray** at the **San Francisco Sherriff's Department**.

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order to the San Francisco City Attorney's Office.

2.     Defendants shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form.  They shall also file an answer in accordance with the Federal Rules of Civil Procedure.

3.     To expedite the resolution of this case:

a.  No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d.  Defendants shall file a reply brief no later than **14** days after the opposition is filed.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

United States District Court
Northern District of California

3

4.      All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: November 10, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2

If Defendants move for summary judgment, they are seeking to have your case dismissed.

3

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

4

granted, end your case.

5

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6

Generally, summary judgment must be granted when there is no genuine issue of material fact--

7

that is, if there is no real dispute about any fact that would affect the result of your case, the party

8

who asked for summary judgment is entitled to judgment as a matter of law, which will end your

9

case. When a party you are suing makes a motion for summary judgment that is properly

10

supported by declarations (or other sworn testimony), you cannot simply rely on what your

11

complaint says. Instead, you must set out specific facts in declarations, depositions, answers to

12

interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

13

shown in Defendant's declarations and documents and show that there is a genuine issue of

14

material fact for trial. If you do not submit your own evidence in opposition, summary judgment,

15

if appropriate, may be entered against you. If summary judgment is granted, your case will be

16

dismissed and there will be no trial.

17

18

19

20

21

22

23

24

25

26

27

28