UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANVINSKI JEROME HYMES,<br><br>    Plaintiff,<br><br>v.<br><br>MILTON BLISS, et al.,<br><br>    Defendants. | Case No. 16-cv-04288-JSC<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO STAY CIVIL DISCOVERY**<br><br>Re: Dkt. No. 52 |

In this civil action, Plaintiff Scanvinski Jerome Hymes alleges that Defendants violated his Fourth and Fourteenth Amendments rights by using excessive force against him and failing to intervene to prevent the use of excessive force when Plaintiff was a pretrial detainee at the San Francisco County Jail. (Dkt. No. 43 at ¶¶ 15, 27-32.) Defendants' request to stay civil discovery pending resolution of criminal proceedings is now pending before the Court. After carefully considering the parties' joint letter brief, and having had the benefit of oral argument on June 28, 2018, Defendants' request is DENIED.

## BACKGROUND

### A. Complaint Allegations

On July 24, 2014, while Plaintiff was being held in pretrial detention at the San Francisco County Jail, several Deputy Sheriffs handcuffed him, shackled his legs, threw him to the ground, and administered a vicious beating. (*Id.* at ¶¶ 1, 3.) The Deputy Sheriffs involved in the incident (hereinafter collectively referred to as "Defendants") were Sergeant Milton Bliss, Sergeant Victor M. Sanchez, Senior Deputy Joseph A. Leonardini, Deputy Eugene A. Jones, former Deputy Scott Neu, Deputy Paul Timpano, and Deputy Pierre A. Gray. (*Id.* at ¶¶ 8-14.) Defendants threw Plaintiff to the ground where they punched, kicked and stomped on him for over a minute. (*Id.* at

¶ 3.) After briefly stopping at a medical unit, Defendants took Plaintiff to a processing room where they continued to beat him before taking him to the hospital. (*Id.*) As a result of the incident, Plaintiff suffered a broken nose, fractured jaw, and two lacerations near his eye that required stitches. (*Id.* at ¶ 19.)

**B. Procedural Background**

On July 25, 2014, the day after the alleged incident, Plaintiff submitted a Prisoner Grievance Form detailing his account of the incident. (Dkt. No. 1 at Exh. A.) Two years later, Plaintiff filed his initial complaint under 42 U.S.C. section 1983 against Defendants Bliss, Sanchez, Leonardini, Neu, Jones, Timpano, and Gray. (Dkt. No. 1.) Defendants answered Plaintiff's complaint on March 9, 2017, and asserted 30 affirmative defenses. (Dkt. No. 14.)

Plaintiff subsequently filed an amended complaint, bringing the following causes of action: (i) violation of 42 U.S.C. section 1983 against Defendants Bliss, Neu, Jones, Timpano, and Gray for excessive use of force; and (ii) violation of 42 U.S.C. section 1983 against Defendants Bliss, Neu, Jones, Timpano, Gray, Leonardini, and Sanchez for failure to intervene. (Dkt. No. 43 at ¶¶ 27-32.) Two weeks later, Defendants answered the amended complaint. (Dkt. Nos. 44, 45.)

In addition to the civil complaint, Defendants Neu and Jones currently face multiple charges in separate criminal matters stemming from a series of incidents that took place between October 3, 2014 and March 25, 2015, in which they allegedly used excessive force against inmates at the San Francisco County Jail. (Dkt. No. 52-2 at Exh. A.) No trial date has been set in either Defendant's criminal case. (Dkt. No. 52-1 at ¶ 5; Dkt. No. 52-2 at ¶ 5.) *See People v. Neu*, Case No. 16004103; *People v. Jones*, Case No. 16004106.

The parties have submitted their joint discovery letter brief. (Dkt. No. 52.) Defendants argue for a stay of civil discovery due to the pending criminal charges against Defendants Neu and Jones. (*Id.*) Plaintiff opposes a stay. (*Id.*)

**LEGAL STANDARD**

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, such

2

parallel proceedings are unobjectionable[.]" *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980). Nonetheless, courts may exercise discretion to stay civil proceedings when the interest of justice so requires. *Keating*, 45 F.3d at 324.

In determining whether to stay civil proceedings in the face of a related criminal action, courts evaluate "the particular circumstances and competing interests involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989). Courts first must assess "the extent to which the defendant[s'] [F]ifth [A]mendment rights are implicated." *Keating,* 45 F.3d at 324 (citation omitted). In addition, courts consider the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with the civil litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325. The party seeking a stay bears the "burden to 'make out a clear case of hardship or inequity in being required to go forward,' and the court must weigh the competing interests that will be affected by the granting of or refusal to grant the stay." *DeMartini v. Johns*, 693 F. App'x 534, 538 (9th Cir. 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

**DISCUSSION**

Defendants argue that (a) the implication of Fifth Amendment concerns warrant the exercise of the Court's authority to stay proceedings, and (b) the remaining *Keating* factors also weigh in favor of a stay. Plaintiff responds that (a) Plaintiff's civil case is not a parallel proceeding to Defendants' criminal case, and (b) even if it were, the five *Keating* factors weigh against a stay.

**A. Implication of Defendants' Fifth Amendment Rights**

"A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. As a result, "while the extent to which . . . defendant[s'] Fifth Amendment rights are implicated is a significant factor to be considered, it is only one consideration to be weighed against others." *SEC v. Alexander*, No. 10–CV–4535, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010) (internal quotation marks
3

and citation omitted); *see also Keating*, 45 F.3d at 326 (listing the five factors courts consider when deciding whether to grant a stay). "When simultaneous civil and criminal proceedings involve the same or closely related facts, the Fifth Amendment concerns may be sufficient to warrant a stay." *McCormick v. Rexroth*, No. C 09–4188 JF, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010) (internal quotation marks and citation omitted). "[T]he strongest case for deferral of proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). In such cases, there is a concern that allowing the civil action to proceed may undermine the defendant's Fifth Amendment privilege against self-incrimination, result in discovery beyond the scope of what the Federal Rules of Criminal Procedure allow, expose the defense strategy, or otherwise cause prejudice. *Id.* at 1376. Thus, where civil and criminal proceedings "wholly or substantially overlap[ ] . . . a court may be justified in staying the civil case, deferring civil discovery, or taking other protective measures." *Alexander*, 2010 WL 5388000, at *3 (citation omitted).

Defendants insist that the civil and criminal cases involve closely related facts because both cases involve allegations of excessive force. Defendants assert that if Plaintiff is allowed to take the depositions of Neu and Jones, they will have a strong incentive to invoke their Fifth Amendment rights to avoid self-incrimination, and if they exercise those rights, a trier of fact may draw an adverse inference that will prejudice Neu and Jones. Defendants believe this adverse inference would also extend to the other Defendants. Defendants also argue that Plaintiff put Neu and Jones' criminal charges at issue in the civil case by alleging that "Defendants have a history of excessive force on prisoners" and specifically referencing Neu and Jones' criminal charges in the complaint.

Although both the civil and criminal complaints contain allegations of excessive force by Neu and Jones, the two cases do not implicate the same "nucleus of facts." *See McCormick*, 2010 WL 934242, at *2 (finding that the civil and criminal cases against the defendant implicated the same "nucleus of facts" where both arose out of the same physical altercation between the plaintiff and the defendant); *see also Amatrone v. Champion*, No. 15-CV-01356, 2017 WL 3334889, at *3

4

(N.D. Cal. Aug. 4, 2017) (finding that plaintiff's Fifth Amendment rights were not sufficiently implicated to warrant a stay where there was some overlap between the facts of the criminal and civil cases, but plaintiff (the party requesting a stay) had not met his burden of establishing "a large degree of overlap"). Here, Plaintiff's civil claims arose out of a single incident in July 2014, while the criminal complaint is based on a separate series of incidents that took place several months later and continued into 2015. Moreover, the conduct at issue in the criminal cases does not involve Plaintiff, and the conduct at issue in the civil case involves an additional five defendants who are not parties to either criminal case. In light of these differences, it is not obvious that Defendants would choose to exercise their Fifth Amendment rights when questioned about the incident involved in the civil case, and they have not explained why they would.

Defendants have the burden of showing substantial overlap between the two cases sufficient to justify staying civil discovery. They have not met this burden.

### B. Other *Keating* Factors

The court's inquiry into the remaining *Keating* factors is "fact-specific," and the court retains discretion to treat and weigh the factors as it sees fit under the circumstances. *See McCormick*, 2010 WL 934242, at *3. Defendants seek to stay this action until the criminal action is resolved; however, there is no trial date on calendar in the criminal cases against Neu and Jones, so Defendants are effectively requesting an indefinite stay of the civil proceedings. Further if Defendants are convicted in their criminal cases and they appeal, this would delay the civil proceedings even further. And given that the incident at issue in this case is different from those in the criminal cases there is no certainty that when the criminal proceedings eventually conclude these Defendants will not continue to plead the Fifth. In light of these circumstances, the remaining *Keating* factors, on balance, also do not support a stay.

#### 1. Plaintiff's Interest

Plaintiff argues that this factor favors denying the stay because Plaintiff is currently facing criminal charges in a separate matter before the Court (Case No. 3:13-cr-00800-WHO), and if he is convicted he could be moved to another prison anywhere in the country. If Plaintiff is moved, he will be unable to participate in depositions or confer with his lawyer without great difficulty.

5

1    Plaintiff also argues that Defendants will be unfairly advantaged by a stay because they have
2    already taken Plaintiff's deposition, and have cancelled the depositions of Bliss, Neu and Jones on
3    short notice. In addition, as discussed above, staying civil discovery would effectively prevent
4    Plaintiff from pursuing his case indefinitely. This factor favors denying the stay.

**2. Defendants' Burden**

Defendants argue that Neu and Jones will have a strong incentive to invoke their Fifth Amendment rights in both the criminal proceedings and in depositions in the civil case, and that doing so will prejudice them in both proceedings. However, Defendants do not explain why they would plead the Fifth in response to questions about this incident, for which they are not facing criminal charges. Defendants further argue that the jury in the civil proceeding may draw an adverse inference against Neu and Jones because they invoked their Fifth Amendment rights, and that adverse inference will extend to the other Defendants not involved in the criminal proceedings; however, the Court will instruct the jury on what adverse inferences may be drawn.

Defendants' reliance on *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) is unpersuasive. In granting a stay, the court noted that "the extent to which the issues in the criminal case overlap with those in the civil case, is regarded as 'the most important factor' because '[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay.'" *Id.* at 1039 (quoting *Metzler v. Bennett,* No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998) (citing *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y.1995))). The *Chao* court found that a stay was warranted because "the substantive factual and legal issues would be almost identical." *Id.* Here, unlike in *Chao*, the factual basis of the civil and criminal cases are not "almost identical," but instead involve different incidents. Moreover, *Chao* was principally concerned with the possible impairment of the criminal case; specifically, that allowing the civil case to go forward could: (1) intrude on the defendants' Fifth Amendment privilege; (2) extend criminal discovery; (3) expose the defense's theory; or (4) otherwise prejudice the criminal case. *Id.* at 1037. Other than the Fifth Amendment concern, none of the others are present here because this civil action is not being prosecuted by the government, as was *Chao*. And as for the Fifth

6

Amendment, Defendants fail to explain why they would plead the Fifth given that this civil case involves a different incident from the criminal cases. Therefore, this factor also weighs against a stay.

### 3. Convenience of the Court

Courts normally find that this factor does not favor granting a stay because the court has an interest in clearing its docket and proceeding expeditiously. *Molinaro*, 889 F.2d at 903. In *Petrov*, defendants could not specify how staying the civil action while allowing the parallel criminal action to proceed would streamline civil discovery. *Petrov v. Alameda Cty.*, No. 16-CV-04323, 2016 WL 6563355, at *6 (N.D. Cal. Nov. 4, 2016). Thus, the court found that this factor weighed against a stay. *Id.* As in *Petrov*, Defendants have not provided any concrete evidence of how staying civil discovery pending the outcome of the criminal cases will streamline civil discovery once the civil case is allowed to go forward. Defendants argue that awaiting the outcome of the criminal cases will simplify discovery and make many deposition topics unnecessary because those topics will already be the subjects of sworn testimony in the criminal cases. Defendants' argument is unconvincing because both parties will presumably still seek depositions regarding the July 24, 2014 incident at issue in the civil case. The potential for an indefinite stay also weighs against granting a stay based on this factor.

### 4. Interests of Third Parties and the Public

Defendants argue that the public's interest in the integrity of criminal proceedings is best served by a stay. Plaintiff responds that the public and third parties have an interest in ensuring accountability for law enforcement officials who allegedly abused their power, but this interest is served equally well by the criminal and the civil proceedings. Allowing both cases to proceed seems the most effective way of ensuring accountability, especially since only two of the seven defendants in the civil case are parties to the criminal cases. As such, this factor weighs slightly in favor of denying the stay.

### 5. Balancing of Interests

All of the *Keating* factors weigh against a stay in this case. The burden that allowing civil discovery to move forward would place on Defendants' Fifth Amendment rights is minimal

7

because the civil and criminal cases involve different incidents.  To the extent Plaintiff seeks to offer into evidence the conduct regarding the incidents at issue in the criminal cases, the Court will decide whether and to what extent such conduct is admissible in light of all the circumstances. In contrast, granting the indefinite stay that Defendants request would significantly burden Plaintiff and limit his ability to effectively pursue his case.  The Court's and public's interest in proceeding expeditiously is also best served by denying the stay.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendants' request to stay civil discovery pending resolution of criminal proceedings.

This Order disposes of Docket No. 52.

**IT IS SO ORDERED.**

Dated: July 3, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge