1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  RENÉE E. ROSENBLIT, State Bar #304983
   BRIGGS J. MATHESON, State Bar #291287
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Sixth Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3853 (Rosenblit)
   Telephone:    (415) 553-3919 (Matheson)
7  Facsimile:    (415) 554-3837
   E-Mail:       renee.rosenblit@sfcityatty.org (Renee)
8  Email:        briggs.matheson@sfcityatty.org (Briggs)

9
   Attorneys for Defendants
10 MILTON BLISS, et al.

11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14 SCANVINSKI JEROME HYMES,              Case No. 16-cv-04288-JSC

15         Plaintiff,                     **AMENDED STIPULATED PROTECTIVE
                                          ORDER FOR STANDARD LITIGATION**
16         vs.
                                          Trial Date:        December 3, 2018
17 MILTON BLISS, et al.

18         Defendants.

19

20

21 1.     PURPOSES AND LIMITATIONS

22         Disclosure and discovery activity in this action are likely to involve production of confidential,

23 proprietary, or private information for which special protection from public disclosure and from use for

24 any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby

25 stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties

26 acknowledge that this Order does not confer blanket protections on all disclosures or responses to

27 discovery and that the protection it affords from public disclosure and use extends only to the limited

28 information or items that are entitled to confidential treatment under the applicable legal principles.  The

1  parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order

2  does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the

3  procedures that must be followed and the standards that will be applied when a party seeks permission

4  from the court to file material under seal.

5  2.    DEFINITIONS

6      2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or

7  items under this Order.

8      2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated,

9  stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure

10  26(c).

11      2.3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":  extremely sensitive

12  information or items, disclosure of which to another Party or Non-party would create a substantial risk of

13  serious harm that could not be avoided by less restrictive means, including any personnel records of the

14  defendant deputies, internal affairs investigation records, and any schematics of any jail facility of the

15  City and County of San Francisco.

16      2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as

17  their support staff).

18      2.4    Designating Party:  a Party or Non-Party that designates information or items that it

19  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21      2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or

22  manner in which it is generated, stored, or maintained (including, among other things, testimony,

23  transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery

24  in this matter.

25      2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the

26  litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant

27  in this action.

28  ///

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

1  disclosure from a source who obtained the information lawfully and under no obligation of

2  confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a

3  separate agreement or order.

4  4.    DURATION

5  Even after final disposition of this litigation, the confidentiality obligations imposed by this

6  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

7  otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

8  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and

9  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits

10  for filing any motions or applications for extension of time pursuant to applicable law.

11  5.    DESIGNATING PROTECTED MATERIAL

12  5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

13  Party that designates information or items for protection under this Order must take care to limit any

14  such designation to specific material that qualifies under the appropriate standards.  The Designating

15  Party must designate for protection only those parts of material, documents, items, or oral or written

16  communications that qualify – so that other portions of the material, documents, items, or

17  communications for which protection is not warranted are not swept unjustifiably within the ambit of

18  this Order.

19  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

20  clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

21  retard the case development process or to impose unnecessary expenses and burdens on other parties)

22  expose the Designating Party to sanctions.

23  If it comes to a Designating Party's attention that information or items that it designated for

24  protection do not qualify for protection, that Designating Party must promptly notify all other Parties that

25  it is withdrawing the mistaken designation.

26  5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see,

27  e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

28  Discovery Material that qualifies for protection under this Order must be clearly so designated before the

1   material is disclosed or produced.

2   Designation in conformity with this Order requires:

3   (a)  for information in documentary form (e.g., paper or electronic documents, but

4   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix

5   the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to

6   each page that contains protected material.  If only a portion or portions of the material on a page

7   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

8   making appropriate markings in the margins).

9   A Party or Non-Party that makes original documents or materials available for inspection need

10   not designate them for protection until after the inspecting Party has indicated which material it would

11   like copied and produced. During the inspection and before the designation, all of the material made

12   available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied

14   and produced, the Producing Party must determine which documents, or portions thereof, qualify for

15   protection under this Order. Then, before producing the specified documents, the Producing Party must

16   affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend

17   to each page that contains Protected Material.  If only a portion or portions of the material on a page

18   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

19   making appropriate markings in the margins).

20   (b)  for testimony about information deemed "CONFIDENTIAL" or "HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY" given in deposition or in other pretrial or trial

22   proceedings, that the Designating Party identify on the record, before the close of the deposition,

23   hearing, or other proceeding, all protected testimony.

24   (c)  for information produced in some form other than documentary and for any other

25   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

26   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or

28   item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

1 │ portion(s).

2 │      5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate

3 │ qualified information or items does not, standing alone, waive the Designating Party's right to secure

4 │ protection under this Order for such material.  Upon timely correction of a designation, the Receiving

5 │ Party must make reasonable efforts to assure that the material is treated in accordance with the

6 │ provisions of this Order.

7 │ 6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8 │      6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

9 │ confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

10 │ designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

11 │ significant disruption or delay of the litigation, a Party does not waive its right to challenge a

12 │ confidentiality designation by electing not to mount a challenge promptly after the original designation is

13 │ disclosed.

14 │      6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by

15 │ providing written notice of each designation it is challenging and describing the basis for each challenge.

16 │ To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

17 │ challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

18 │ Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by

19 │ conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within

20 │ 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for

21 │ its belief that the confidentiality designation was not proper and must give the Designating Party an

22 │ opportunity to review the designated material, to reconsider the circumstances, and, if no change in

23 │ designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed

24 │ to the next stage of the challenge process only if it has engaged in this meet and confer process first or

25 │ establishes that the Designating Party is unwilling to participate in the meet and confer process in a

26 │ timely manner.

27 │ / / /

28 │ / / /

1    6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention,

2  the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and

3  in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge

4  or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

5  whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that

6  the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

7  Failure by the Designating Party to make such a motion including the required declaration within 21

8  days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each

9  challenged designation.  In addition, the Challenging Party may file a motion challenging a

10  confidentiality designation at any time if there is good cause for doing so, including a challenge to the

11  designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this

12  provision must be accompanied by a competent declaration affirming that the movant has complied with

13  the meet and confer requirements imposed by the preceding paragraph.

14    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

15  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

16  expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the

17  Designating Party has waived the confidentiality designation by failing to file a motion to retain

18  confidentiality as described above, all parties shall continue to afford the material in question the level of

19  protection to which it is entitled under the Producing Party's designation until the court rules on the

20  challenge.

21  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

22    7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

23  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

24  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the

25  categories of persons and under the conditions described in this Order.  When the litigation has been

26  terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

27  DISPOSITION).

28  / / /

1     Protected Material must be stored and maintained by a Receiving Party at a location and in a

2  secure manner that ensures that access is limited to the persons authorized under this Order.

3     7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the

4  court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

5  or item designated "CONFIDENTIAL" only to:

6     (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

7  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

8  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

9  hereto as Exhibit A;

10     (b)  the officers, directors, and employees (including House Counsel) of the Receiving

11  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

12  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13     (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

14  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

15  Be Bound" (Exhibit A);

16     (d)  the court and its personnel;

17     (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

18  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed

19  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20     (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

21  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

22  otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition

23  testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court

24  reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

25     (g)  the author or recipient of a document containing the information or a custodian or

26  other person who otherwise possessed or knew the information.

27     7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

28  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

1  Designating Party, a Receiving Party may disclose any information or item designated

2  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

3      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of

4  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

5  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6      (b)  Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is

7  reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement

8  to Be Bound" (Exhibit A);

9      (c)  the court and its personnel;

10     (d)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

11  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

12  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13     (e)  during their depositions, witnesses in the action to whom disclosure is reasonably

14  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

15  **unless otherwise agreed by the Designating Party or ordered by the court**.  Pages of transcribed

16  deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound

17  by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated

18  Protective Order; and

19     (f)  the author or recipient of a document containing the information or a custodian or other

20  person who otherwise possessed or knew the information.

21  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

22        LITIGATION

23     If a Party is served with a subpoena or a court order issued in other litigation that compels

24  disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

26     (a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of

27  the subpoena or court order;

28  / / /

1      (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other

2  litigation that some or all of the material covered by the subpoena or order is subject to this Protective

3  Order.  Such notification shall include a copy of this Stipulated Protective Order; and

4      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

5  Designating Party whose Protected Material may be affected.

6      If the Designating Party timely seeks a protective order, the Party served with the subpoena or

7  court order shall not produce any information designated in this action as "CONFIDENTIAL" or

8  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from

9  which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

10  The Designating Party shall bear the burden and expense of seeking protection in that court of its

11  confidential material – and nothing in these provisions should be construed as authorizing or

12  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13  9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

14      LITIGATION

15      (a)     The terms of this Order are applicable to information produced by a Non-Party in this

16  action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the

18  remedies and relief provided by this Order.  Nothing in these provisions should be construed as

19  prohibiting a Non-Party from seeking additional protections.

20      (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-

21  Party's confidential information in its possession, and the Party is subject to an agreement with the Non-

22  Party not to produce the Non-Party's confidential information, then the Party shall:

23      (1)     promptly notify in writing the Requesting Party and the Non-Party that some or all

24  of the information requested is subject to a confidentiality agreement with a Non-Party;

25      (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in

26  this litigation, the relevant discovery request(s), and a reasonably specific description of the information

27  requested; and

28  / / /

1          (3)      make the information requested available for inspection by the Non-Party.

2      (c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of

3  receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's

4  confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective

5  order, the Receiving Party shall not produce any information in its possession or control that is subject to

6  the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court

7  order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court

8  of its Protected Material.

9  10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

11  to any person or in any circumstance not authorized under this Stipulated Protective Order, the

12  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

13  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

14  inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

15  and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

16  that is attached hereto as Exhibit A.

17  11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

18          MATERIAL

19      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

20  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

21  those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

22  whatever procedure may be established in an e-discovery order that provides for production without

23  prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach

24  an agreement on the effect of disclosure of a communication or information covered by the attorney-

25  client privilege or work product protection, the parties may incorporate their agreement in the stipulated

26  protective order submitted to the court.

27  / / /

28  / / /

1    12.    <u>MISCELLANEOUS</u>

2          12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its

3    modification by the court in the future.

4          12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no

5    Party waives any right it otherwise would have to object to disclosing or producing any information or

6    item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any

7    right to object on any ground to use in evidence of any of the material covered by this Protective Order.

8          12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a

9    court order secured after appropriate notice to all interested persons, a Party may not file in the public

10   record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material

11   must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

12   court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local

13   Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue

14   is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a

15   Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is

16   denied by the court, then the Receiving Party may file the information in the public record pursuant to

17   Civil Local Rule 79-5(e) unless otherwise instructed by the court.

18   13.    <u>FINAL DISPOSITION</u>

19          Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

20   Party must return all Protected Material to the Producing Party or destroy such material.  As used in this

21   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any

22   other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is

23   returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

24   (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

25   (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms

26   that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

27   format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel

28   are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

1  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

2  product, and consultant and expert work product, even if such materials contain Protected Material.  Any

3  such archival copies that contain or constitute Protected Material remain subject to this Protective Order

4  as set forth in Section 4 (DURATION).

5  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6

7  Dated:  October 15, 2018

8                                                    DENNIS J. HERRERA
                                                     City Attorney
9                                                    CHERYL ADAMS
                                                     Chief Trial Deputy
10                                                   RENÉE E. ROSENBLIT
                                                     BRIGGS J. MATHESON
11                                                   Deputy City Attorneys

12

13                                          By:____/s/ Briggs J. Matheson_____
                                                     BRIGGS J. MATHESON
14
                                                     Attorneys for Defendants
15                                                   MILTON BLISS, et al.

16
    Dated:  October 15, 2018                             KATON LAW
17
                                            By:____/s/ Glenn Katon_____
18                                                   GLENN KATON

19                                                   Attorney for Plaintiff
                                                     SCANVINSKI JEROME HYMES
20

21
    Dated:  October 15, 2018
22
                                            By:__/s/ Caitlin Kelly Henry_____
                                                     CAITLIN KELLY HENRY
23
                                                     Attorney for Plaintiff
24                                                   SCANVINSKI JEROME HYMES

25  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

26
    Dated:  October 16, 2018
27
                                            _____
                                            JACQUELINE SCOTT CORLEY
28                                          United States District Magistrate Judge

n:\lit\li2018\170570\01311438.docx

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of _____ [print or type

4

full address], declare under penalty of perjury that I have read in its entirety and understand the

5

Stipulated Protective Order that was issued by the United States District Court for the Northern

6

7

District of California on [date] in the case of *Hymes v. Bliss et al.*, Case No. 16-cv-04288 JSC. I agree

8

to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

9

and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10

of contempt. I solemnly promise that I will not disclose in any manner any information or item that is

11

subject to this Stipulated Protective Order to any person or entity except in strict compliance with the

12

provisions of this Order.

13

14

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

15

such enforcement proceedings occur after termination of this action.

16

17

I hereby appoint _____ [print or type full name] of

18

_____ [print or type full address and telephone number] as

19

my California agent for service of process in connection with this action or any proceedings related to

20

enforcement of this Stipulated Protective Order.

21

22

Date: _____

23

City and State where sworn and signed: _____

24

25

Printed name: _____

26

27

Signature: _____

28

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  RENÉE E. ROSENBLIT, State Bar #304983
   BRIGGS J. MATHESON, State Bar #291287
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Sixth Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3853 (Rosenblit)
   Telephone:    (415) 553-3919 (Matheson)
7  Facsimile:    (415) 554-3837
   E-Mail:       renee.rosenblit@sfcityatty.org (Renee)
8  Email:        briggs.matheson@sfcityatty.org (Briggs)

9  Attorneys for Defendants
   MILTON BLISS, et al.

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| SCANVINSKI JEROME HYMES, | Case No. 16-cv-04288-JSC |
| Plaintiff, | **DECLARATION OF BRIGGS J. MATHESON IN SUPPORT OF AMENDED STIPULATED PROTECTIVE ORDER** |
| vs. | |
| MILTON BLISS, et al. | Trial Date:          December 3, 2018 |
| Defendants. | |

21        I, Briggs J. Matheson, declare:

22        1.      I am a Deputy City Attorney and counsel of record for the defendants in the above

23  captioned matter.  As such, I am familiar with this litigation and make this declaration of my own

24  personal knowledge, and if called upon, could testify competently thereto.

25        2.      This declaration is submitted pursuant to the Court's December 18, 2017, Standing

26  Order, page 5 regarding protective orders.

27  ///

28  ///

1     3.      On May 11, 2017, this Court entered a Stipulated Protective Order in this case.  (Dkt.

2  No. 25).  The existing protective order does not contain protections for "Highly Confidential –

3  Attorney's Eyes Only" material.

4     4.      At the discovery hearing held on September 4, 2018, the Court instructed the parties to

5  meet and confer to reach agreement on an amended protective order that provided for such protection.

6  The parties have now stipulated to an amended protective order ("Amended Protective Order"), which

7  is modified from the existing protective order in this case (Dkt. No. 25) and the Northern District

8  Model Protective Order.  The Amended Protective Order is tailored to accommodate protection for

9  "Highly Confidential – Attorney's Eyes Only" material, and has been agreed to by the parties.  A copy

10  of the redlined difference between the stipulated Amended Protective Order and the Northern District

11  Model Protective Order is attached hereto as **Exhibit A.**

12     I declare under penalty of perjury under the laws of the United States that the foregoing is true

13  and correct, and that this declaration is executed on October 15, 2018 at San Francisco, California.

14

15                                        _____*/s/ Briggs J. Matheson*_____

16                                        BRIGGS J. MATHESON

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  RENÉE ~~L. ERICKSON~~E. ROSENBLIT, State Bar #304983
   Deputy City Attorney
4  BRIGGS MATHESON, State Bar #291287
   Deputy City Attorney
5  Fox Plaza
   1390 Market Street, Sixth Floor
6  San Francisco, California 94102-5408
   Telephone:    (415) 554-3853 (Renee)
7  Telephone:    (415) 553-3919 (Briggs)
   Facsimile:    (415) 554-3837
8  E-Mail:    renee.~~erickson@sfgov~~rosenblit@sfcityatty.org (Renee)
   Email:     briggs.matheson@sfcityatty.org (Briggs)
9

10 Attorneys for Defendants
   MILTON BLISS, et al.
11

12

13                      UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15 SCANVINSKI JEROME HYMES,          Case No. 16-cv-04288-JSC

16        Plaintiff,                 **AMENDED STIPULATED PROTECTIVE
                                     ORDER FOR STANDARD LITIGATION**
17        vs.
                                     Trial Date:        ~~None Set~~December 3, 2018
18 MILTON BLISS, et al.

19        Defendants.

20

21

22

23

24 1.   PURPOSES AND LIMITATIONS

25        Disclosure and discovery activity in this action are likely to involve production of confidential,

26 proprietary, or private information for which special protection from public disclosure and from use for

27 any purpose other than prosecuting this litigation may be warranted. _Accordingly, the parties hereby

28 ~~Stipulated~~Amended Stip Protective Order for Standard        1          c:\users\bmatheso\desktop\amended spo redline.docx
   Litigation
   Case No. ~~NO.~~ No. 16-cv-04288-JSC

1   stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties

2   acknowledge that this Order does not confer blanket protections on all disclosures or responses to

3   discovery and that the protection it affords from public disclosure and use extends only to the limited

4   information or items that are entitled to confidential treatment under the applicable legal principles.  The

5   parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order

6   does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the

7   procedures that must be followed and the standards that will be applied when a party seeks permission

8   from the court to file material under seal.

9   2.     DEFINITIONS

10          2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or

11   items under this Order.

12          2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated,

13   stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure

14   26(c).

15          2.3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": extremely sensitive

16   information or items, disclosure of which to another Party or Non-party would create a substantial risk of

17   serious harm that could not be avoided by less restrictive means, including any personnel records of the

18   defendant deputies, internal affairs investigation records, and any schematics of any jail facility of the

19   City and County of San Francisco.

20          2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as

21   their support staff).

22          2.4    Designating Party:  a Party or Non-Party that designates information or items that it

23   produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

24   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25          2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or

26   manner in which it is generated, stored, or maintained (including, among other things, testimony,

27   transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery

28   Stipulated Amended Stip Protective Order for Standard          2          c:\users\bmatheso\desktop\amended spo redline.docx
    Litigation
    Case No. NO. No. 16-cv-04288- JSC

in this matter.

2.6  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7  House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9  Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

///

2.10  Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL " " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

1   presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

2   conferred by this Stipulation and Order do not cover the following information: (a) any information that

3   is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

4   domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this

5   Order, including becoming part of the public record through trial or otherwise; and (b) any information

6   known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

7   disclosure from a source who obtained the information lawfully and under no obligation of

8   confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a

9   separate agreement or order.

10  4.      DURATION

11          Even after final disposition of this litigation, the confidentiality obligations imposed by this

12  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

13  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

14  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and

15  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits

16  for filing any motions or applications for extension of time pursuant to applicable law.

17  5.      DESIGNATING PROTECTED MATERIAL

18          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

19  Party that designates information or items for protection under this Order must take care to limit any

20  such designation to specific material that qualifies under the appropriate standards. The Designating

21  Party must designate for protection only those parts of material, documents, items, or oral or written

22  communications that qualify – so that other portions of the material, documents, items, or

23  communications for which protection is not warranted are not swept unjustifiably within the ambit of

24  this Order.

25          Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

26  clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

27

28

1   retard the case development process or to impose unnecessary expenses and burdens on other parties)

2   expose the Designating Party to sanctions.

3   _____If it comes to a Designating Party's attention that information or items that it designated for

4   protection do not qualify for protection, that Designating Party must promptly notify all other Parties that

5   it is withdrawing the mistaken designation.

6       5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see,

7   e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

8   Discovery Material that qualifies for protection under this Order must be clearly so designated before the

9   material is disclosed or produced.

10       Designation in conformity with this Order requires:

11         (a)  for information in documentary form (e.g., paper or electronic documents, but

12   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix

13   the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to

14   each page that contains protected material.  If only a portion or portions of the material on a page

15   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

16   making appropriate markings in the margins.

17   _____A Party or Non-Party that makes original documents or materials available for inspection need

18   not designate them for protection until after the inspecting Party has indicated which material it would

19   like copied and produced. During the inspection and before the designation, all of the material made

20   available for inspection shall be deemed "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL –

21   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied

22   and produced, the Producing Party must determine which documents, or portions thereof, qualify for

23   protection under this Order. Then, before producing the specified documents, the Producing Party must

24   affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend

25   to each page that contains Protected Material.  If only a portion or portions of the material on a page

26   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

27   making appropriate markings in the margins).

28

Formatted: Normal, Right:  -0.15", Line spacing: Exactly 24 pt, No widow/orphan control

Formatted: Normal, Indent: First line:  0.5", Right: -0.15", Line spacing:  Exactly 24 pt, No widow/orphan control

Formatted: Underline

Formatted: Normal, Right:  -0.15", Line spacing: Exactly 24 pt, No widow/orphan control

Formatted: Font: 10 pt

Formatted: Font: 10 pt

1       (b)  for testimony about information deemed "CONFIDENTIAL" or "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY" given in deposition or in other pretrial or trial

3  proceedings, that the Designating Party identify on the record, before the close of the deposition,

4  hearing, or other proceeding, all protected testimony.

5       (c)  for information produced in some form other than documentary and for any other

6  tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

7  containers in which the information or item is stored the legend "CONFIDENTIAL." or "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or

9  item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

10  portion(s).

11    5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate

12  qualified information or items does not, standing alone, waive the Designating Party's right to secure

13  protection under this Order for such material. Upon timely correction of a designation, the Receiving

14  Party must make reasonable efforts to assure that the material is treated in accordance with the

15  provisions of this Order.

16  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

17    6.1  Timing of Challenges.  Any Party or Non-Party may challenge a designation of

18  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

19  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

20  significant disruption or delay of the litigation, a Party does not waive its right to challenge a

21  confidentiality designation by electing not to mount a challenge promptly after the original designation is

22  disclosed.

23    6.2  Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by

24  providing written notice of each designation it is challenging and describing the basis for each challenge.

25  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

26  challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

27  Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

1   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within

2   14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for

3   its belief that the confidentiality designation was not proper and must give the Designating Party an

4   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

5   designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed

6   to the next stage of the challenge process only if it has engaged in this meet and confer process first or

7   establishes that the Designating Party is unwilling to participate in the meet and confer process in a

8   timely manner.

9       6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention,

10   the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and

11   in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge

12   or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

13   whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that

14   the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

15   Failure by the Designating Party to make such a motion including the required declaration within 21

16   days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each

17   challenged designation.  In addition, the Challenging Party may file a motion challenging a

18   confidentiality designation at any time if there is good cause for doing so, including a challenge to the

19   designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this

20   provision must be accompanied by a competent declaration affirming that the movant has complied with

21   the meet and confer requirements imposed by the preceding paragraph.

22       The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

23   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

24   expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the

25   Designating Party has waived the confidentiality designation by failing to file a motion to retain

26   confidentiality as described above, all parties shall continue to afford the material in question the level of

27   protection to which it is entitled under the Producing Party's designation until the court rules on the

28

1   challenge.

2   7.   ACCESS TO AND USE OF PROTECTED MATERIAL

3   7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or

4   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

5   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

6   categories of persons and under the conditions described in this Order. When the litigation has been

7   terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

8   DISPOSITION).

9   Protected Material must be stored and maintained by a Receiving Party at a location and in a

10   secure manner that ensures that access is limited to the persons authorized under this Order.

11   7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

12   court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

13   or item designated "CONFIDENTIAL" only to:

14   (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

15   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

16   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

17   hereto as Exhibit A;

18   (b)  the officers, directors, and employees (including House Counsel) of the Receiving

19   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

20   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21   ///

22   ///

23   (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

24   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

25   Be Bound" (Exhibit A);

26   (d)  the court and its personnel;

27   (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

28   ~~Stipulated~~Amended Stip Protective Order for Standard      8
Litigation
Case No. ~~NO.~~ No. 16-cv-04288- JSC                                    c:\users\bmatheso\desktop\amended spo redline.docx

1   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed

2   the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3      (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

4   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

5   otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition

6   testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court

7   reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8      (g)  the author or recipient of a document containing the information or a custodian or

9   other person who otherwise possessed or knew the information.

10    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

11   Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

12   Designating Party, a Receiving Party may disclose any information or item designated

13   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

14    (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of

15   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

16   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17    (b)  Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is

18   reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement

19   to Be Bound" (Exhibit A);

20    (c)  the court and its personnel;

21    (d)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

22   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

23   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24    (e)  during their depositions, witnesses in the action to whom disclosure is reasonably

25   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

26   **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed

27   deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound

28   StipulatedAmended Stip Protective Order for Standard  9   c:\users\bmatheso\desktop\amended spo redline.docx
Litigation
Case No. NO. No. 16-cv-04288- JSC

Formatted: Font: 10 pt
Formatted: Font: 10 pt

1   by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated

2   Protective Order; and

3   (f) the author or recipient of a document containing the information or a custodian or other

4   person who otherwise possessed or knew the information.

5   8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

6               LITIGATION

7   If a Party is served with a subpoena or a court order issued in other litigation that compels

8   disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

10  (a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of

11  the subpoena or court order;

12  (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other

13  litigation that some or all of the material covered by the subpoena or order is subject to this Protective

14  Order.  Such notification shall include a copy of this Stipulated Protective Order; and

15  (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

16  Designating Party whose Protected Material may be affected.

17  ///

18  If the Designating Party timely seeks a protective order, the Party served with the subpoena or

19  court order shall not produce any information designated in this action as "CONFIDENTIAL" or

20  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from

21  which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

22  The Designating Party shall bear the burden and expense of seeking protection in that court of its

23  confidential material – and nothing in these provisions should be construed as authorizing or

24  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

26               LITIGATION

27  (a)     The terms of this Order are applicable to information produced by a Non-Party in this

28  <del>Stipulated</del>Amended Stip Protective Order for Standard     10     c:\users\bmatheso\desktop\amended spo redline.docx
    Litigation
    Case No.  <del>NO.  </del>No. 16-cv-04288- JSC

1   action and designated as "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2   ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the

3   remedies and relief provided by this Order. Nothing in these provisions should be construed as

4   prohibiting a Non-Party from seeking additional protections.

5       (b)   In the event that a Party is required, by a valid discovery request, to produce a Non-

6   Party's confidential information in its possession, and the Party is subject to an agreement with the Non-

7   Party not to produce the Non-Party's confidential information, then the Party shall:

8       (1)   promptly notify in writing the Requesting Party and the Non-Party that some or all

9   of the information requested is subject to a confidentiality agreement with a Non-Party;

10      (2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in

11  this litigation, the relevant discovery request(s), and a reasonably specific description of the information

12  requested; and

13      (3)   make the information requested available for inspection by the Non-Party.

14      (c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of

15  receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's

16  confidential information responsive to the discovery request. If the Non-Party timely seeks a protective

17  order, the Receiving Party shall not produce any information in its possession or control that is subject to

18  the confidentiality agreement with the Non-Party before a determination by the court. Absent a court

19  order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court

20  of its Protected Material.

21  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

23  to any person or in any circumstance not authorized under this Stipulated Protective Order, the

24  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

25  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

26  inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

27  and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

28

StipulatedAmended Stip Protective Order for Standard        11
Litigation
Case No. NO. No. 16-cv-04288- JSC

c:\users\bmatheso\desktop\amended spo redline.docx

1   that is attached hereto as Exhibit A.

2   11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

3       <u>MATERIAL</u>

4       When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

5   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

6   those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

7   whatever procedure may be established in an e-discovery order that provides for production without

8   prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach

9   an agreement on the effect of disclosure of a communication or information covered by the attorney-

10   client privilege or work product protection, the parties may incorporate their agreement in the stipulated

11   protective order submitted to the court.

12   12.   <u>MISCELLANEOUS</u>

13       12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its

14   modification by the court in the future.

15       12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no

16   Party waives any right it otherwise would have to object to disclosing or producing any information or

17   item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any

18   right to object on any ground to use in evidence of any of the material covered by this Protective Order.

19       12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a

20   court order secured after appropriate notice to all interested persons, a Party may not file in the public

21   record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

22   must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

23   court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local

24   Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue

25   is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

26   Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is

27   denied by the court, then the Receiving Party may file the information in the public record pursuant to

---

Formatted: All caps

Formatted: All caps

Formatted: Normal, Right: -0.15", Line spacing: Exactly 24 pt, No widow/orphan control

Formatted: All caps

Formatted: Underline

Formatted: Normal, Indent: First line: 0.5", Right: -0.15", Line spacing: Exactly 24 pt, No widow/orphan control

Formatted: Underline

Formatted: Underline

Formatted: Font: 10 pt

Formatted: Font: 10 pt

1   Civil Local Rule 79-5(e) unless otherwise instructed by the court.

2   13.   FINAL DISPOSITION

3        Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

4   Party must return all Protected Material to the Producing Party or destroy such material. As used in this

5   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any

6   other format reproducing or capturing any of the Protected Material. Whether the Protected Material is

7   returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

8   (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

9   (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms

10  that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

11  format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel

12  are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

13  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

14  product, and consultant and expert work product, even if such materials contain Protected Material. Any

15  such archival copies that contain or constitute Protected Material remain subject to this Protective Order

16  as set forth in Section 4 (DURATION).

17  ///

18  ///

19  ///

20  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

21

22  Dated:  April 6, 2017

23  Dated:  October 15, 2018

24

25

26

27

28  StipulatedAmended Stip Protective Order for Standard      13       c:\users\bmatheso\desktop\amended spo redline.docx
    Litigation
    Case No.  NO. No. 16-cv-04288- JSC

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
RENÉE ~~L. ERICKSON~~E. ROSENBLIT
BRIGGS J. MATHESON
Deputy City ~~Attorney~~Attorneys

By: _____
~~RENÉE L. ERICKSON~~
By:   /s/ Briggs J. Matheson
BRIGGS J. MATHESON

Attorneys for Defendants
MILTON BLISS, et al.

~~Dated:  April 6, 2017~~

Dated:  October 15, 2018_____        KATON LAW

By:   /s/
GLENN KATON

Attorney for Plaintiff
SCANVINSKI JEROME HYMES

Dated:  October 15, 2018_____

By:   /s/
CAITLIN KELLY HENRY

Attorney for Plaintiff ~~in Pro Se~~
SCANVINSKI JEROME HYMES

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____

JACQUELINE SCOTT CORLEY
United States District Magistrate Judge

~~Stipulated~~Amended Stip Protective Order for Standard        14        c:\users\bmatheso\desktop\amended spo redline.docx
Litigation
Case No. ~~NO.~~ No. 16-cv-04288- JSC

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type

full address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California on [date] in the case of _____ [insert formal name of the case and the

number and initials assigned to it by the court]. *Hymes v. Bliss et al.*, Case No. 16-cv-04288 JSC. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.

      I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Stipulated Amended Stip Protective Order for Standard    15    c:\users\bmatheso\desktop\amended spo redline.docx
Litigation
Case No. NO. No. 16-cv-04288- JSC

Signature: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Formatted:** Font: 10 pt
**Formatted:** Font: 10 pt

**PROOF OF SERVICE**

I, ANNAMARIE DAVIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On October 15, 2018, I served the following document(s):

**AMENDED** **STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**

on the following persons at the locations specified:

Scanvinski Jerome Hymes, #14673187
San Francisco County Jail
850 Bryant Street
San Francisco, CA 94103

Plaintiff in Pro Per

in the manner indicated below:

☒　**BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed October 15, 2018, at San Francisco, California.

_____
ANNAMARIE DAVIS

Stipulated Amended Stip Protective Order for Standard        17
Litigation
Case No. NO. No. 16-cv-04288- JSC

c:\users\bmatheso\desktop\amended spo redline.docx

Formatted: Font: 10 pt
Formatted: Font: 10 pt