DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
RENÉE E. ROSENBLIT, State Bar #304983
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3853
Facsimile:      (415) 554-3837
E-Mail:          renee.rosenblit@sfcityatty.org

Attorneys for Defendants
MILTON BLISS, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANVINSKI JEROME HYMES,<br><br>Plaintiff,<br><br>vs.<br><br>MILTON BLISS, et al.<br><br>Defendants. | Case No. 16-cv-04288 JSC<br><br>**DECLARATION OF HARRY S. STERN IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE TRIAL DATE**<br><br>Trial Date:              December 3, 2018<br>Attached Document:   Exhibit A |

I, Harry S. Stern, declare as follows:

1.      I am an attorney licensed to practice in California. I represent Scott Neu in a pending felony criminal case, *People v. Neu*, Case No. 16004103. The criminal complaint alleges violations of Penal Code sections 147, 149, 422, and 673.

2.      I am informed and understand that my client is a defendant in this civil case, which is scheduled for trial on December 3, 2018, and that he will be called to testify in his defense against the plaintiff's claims.

3. As lead counsel for Mr. Neu in his criminal case, it continues to be my opinion that requiring Mr. Neu to testify in this civil case while his criminal case is pending is fundamentally unfair, and asserting the Fifth Amendment will not prevent this unfairness. First, it is not possible for me to anticipate all of the types of information that will provide the prosecutors with some "link in the chain of evidence" needed for his criminal case. *See Hoffman v. United States*, 341 U.S. 479, 486 (1951). Second, it is my understanding that the jury in his civil case may draw an adverse inference from his assertion of the Fifth Amendment.

4. In the event Mr. Neu is called to testify at the trial in his civil lawsuit, I intend to advise my client to invoke his Fifth Amendment privilege with respect to any question that may potentially implicate him in his criminal case. This includes, but is not limited to, questions about the allegations in the criminal complaint; complaints by inmates and any internal affairs investigations; any prior statements; circumstances surrounding the termination of his employment; SFSD policies related to use of force; and any questions implying he has a propensity for violence or other bad character.

5. On December 14, 2018, the California Superior Court in which Mr. Neu's criminal matter is pending will hold a hearing on a motion to dismiss the criminal charges against him. This motion is not a routine pretrial motion. Rather, Mr. Neu intends to move the court to dismiss his criminal charges under *Arizona v. Youngblood*, 488 U.S. 51 (1988), and *California v. Trombetta*, 467 U.S. 479 (1984), based on credible allegations of destruction of evidence. If granted, the motion will result in a full dismissal of the charges against Mr. Neu. I intend to file the motion in the coming weeks for the December 14, 2018 hearing date. Attached hereto as **Exhibit A** is a true and correct copy of the California Superior Court calendar for Mr. Neu's case reflecting the December 14, 2018 hearing date.

I declare under penalty of perjury under the laws of the United States that the preceding declaration is true, and that this declaration was executed on October 25, 2018 at San Francisco, California.

_____
HARRY S. STERN