UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANVINSKI JEROME HYMES, | Case No. 16-cv-04288-JSC |
| Plaintiff, | |
| v. | **ORDER RE: DEFENDANTS' ADMINISTRATIVE MOTION TO BRING MORE THAN FIVE MOTIONS IN LIMINE** |
| MILTON BLISS, et al., | |
| Defendants. | Re: Dkt. No. 105 |

Before the Court is Defendants' administrative motion to bring eight motions in limine, (Dkt. No. 105), exceeding the five-motion limit set by the Court's December 8, 2017 pretrial order, (Dkt. No. 38 at 3). Defendants also request to exceed by two the seven-page limit for individual motions, with regard to one of their motions. (Dkt. No. 105 at 1.) Plaintiff opposes Defendants' motion to the extent Defendants request to bring more than five motions in limine. (Dkt. No. 114.) After careful consideration of the parties' briefing, the Court GRANTS in part and DENIES in part Defendants' motion. Defendants may file seven motions in limine, and may file their nine-page motion in limine regarding an adverse inference instruction.

## I. Motions in Limine

Plaintiff primarily opposes Defendants' motion on two procedural grounds: (1) Defendants did not confer with Plaintiff before serving its eight motions by the Court-imposed deadline of October 31, 2018; and (2) Defendants' declaration in support consists of additional argument in violation of Civil Local Rule 7-5(b), and because the declaration contains impermissible argument, Defendants' motion violates the page limitation under Civil Local Rule 7-11(a) because it consists of 10 total pages of argument. The Court addresses each argument in turn.

As to the first argument, Defendants' declaration in support states that the parties did meet and confer prior to Defendants filing their administrative motion on November 2, 2018, and

1    Defendants sought Plaintiff's stipulation before filing but Plaintiff refused. (Dkt. No. 105 at ¶ 5.)

2    Thus, the Court finds nothing procedurally improper or prejudicial in Defendants' conduct prior to

3    filing the instant motion.

4         Plaintiff's second line of argument is stronger but is likewise unavailing. Defendants'

5    declaration in support does contain 10 separate instances of counsel providing her legal "opinion"

6    as to why certain evidence is inadmissible. (*See* Dkt. No. 105 at ¶¶ 4, 6-14.) The Court thus

7    strikes those statements from Defendants' declaration, pursuant to Civil Local Rule 7-5(b).[1]

8         On the merits of Defendants' motion, Plaintiff argues that "[m]ost of the eight motions are

9    wholly unnecessary" because the evidentiary issues raised therein can be dealt with by objections

10   at trial. (Dkt. No. 114 at 2-4.) Plaintiff points to Motion in Limine No. 6 (to exclude lay opinion

11   testimony by Plaintiff regarding SFSD practices or medical evidence) as its only example and

12   states that: "Plaintiff's counsel neither plan to ask Plaintiff any question seeking lay opinion nor

13   encourage him to provide it." (Dkt. No. 114 at 3 n.2.) Plaintiff further argues that even "[i]f

14   questions seek to elicit or Plaintiff otherwise tries to provide lay opinion, a simple objection will

15   suffice." (*Id.* at 3.) The Court agrees that Motion in Limine No. 6 is unnecessary.

16        As for the remaining seven motions, Plaintiff has already responded and offered

17   substantive opposition to five and does not oppose two. (*See* Dkt. Nos. 122-129). Thus, the Court

18   does not see how allowing Defendants to file the seven proposed motions instead of five will

19   prejudice Plaintiff or otherwise be improper given the Fifth Amendment issues in this case and the

20   separate, but ongoing criminal proceedings against two defendants.

21   **II.    Exceeding Page Limit for Motion No. 5**

22        Defendants' motion also requests allowing two additional pages for its motion in limine to

23   exclude an adverse inference instruction. Plaintiff's opposition does not directly oppose or even

24   address this request. Given the Fifth Amendment issues present in this case, allowing two

25   additional pages of argument for Motion in Limine No. 5 is appropriate.

26

27   [1] "An affidavit or declaration may contain only facts, must conform as much as possible to the
     requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement
28   made upon information or belief must specify the basis therefor. An affidavit or declaration not in
     compliance with this rule may be stricken in whole or in part." Civil L.R. 7-5(b).

**CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part Defendants' administrative motion. Defendants may file two motions in limine beyond the five-motion limit, and may file their nine-page Motion in Limine No. 5. The Court denies Defendants' request to file Motion in Limine No. 6.

This order disposes of Docket No. 105.

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

3