UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANVINSKI JEROME HYMES,<br><br>    Plaintiff,<br><br>v.<br><br>MILTON BLISS, et al.,<br><br>    Defendants. | Case No. 16-cv-04288-JSC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO CONTINUE TRIAL**<br><br>Re: Dkt. No. 101 |

Plaintiff Scanvinski Jerome Hymes brings suit against five current or former San Francisco Deputy Sheriffs (collectively, "Defendants") for use of excessive force during a cell extraction on July 24, 2014, while he was incarcerated at the San Francisco County Jail.[1] (Dkt. No. 43.)[2] Now pending before the Court is Defendants' motion to continue trial pending resolution of a motion to dismiss criminal proceedings against Defendants Scott Neu and Eugene Jones in California Superior Court.[3] (Dkt. No. 101.) After careful consideration of the parties' briefing, and having had the benefit of oral argument on November 20, 2018, the Court DENIES Defendants' motion. This Order supplements the reasons stated on the record at the November 20, 2018 hearing.

## BACKGROUND

The factual background and procedural history of this case are set forth in the Court's November 13, 2018 order granting in part and denying in part Defendants' motion for summary

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 1 & 21.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[3] It is unclear from the record whether the motion to dismiss has been filed. In support of Defendants' motion to continue, Harry S. Stern, lead counsel for Scott Neu in his criminal case, submitted a declaration stating that Mr. Stern "intend[s] to file the motion in the coming weeks for the the December 14, 2018 hearing date." (Dkt. No. 103 at ¶ 5.) Likewise, the declaration of Matthew B. Pavone, counsel for Eugene Jones in his criminal case, states that "Mr. Jones *intends* to move the [state] court to dismiss his criminal charges." (Dkt. No. 102 at ¶ 5 (emphasis added).)

judgment. (*See* Dkt. No. 121 at 1-3.) As relevant to the instant motion, the Court's December 8, 2017 pretrial order set the trial date for December 3, 2018. (*See* Dkt. No. 38 at 1.) On July 3, 2018, the Court denied Defendants' motion to stay civil discovery pending resolution of criminal proceedings against Defendants Neu and Jones.[4] (Dkt. No. 58.) Defendants filed their motion to continue trial on October 26, 2018. (Dkt. No. 101.) Plaintiff's opposition, (Dkt. No. 108), and Defendants' reply, (Dkt. No. 119), followed.

## LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980). Nonetheless, courts may exercise discretion to stay civil proceedings when the interest of justice so requires. *Keating*, 45 F.3d at 324. In determining whether to stay civil proceedings in the face of a related criminal action, courts evaluate "the particular circumstances and competing interests involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

Courts first must assess "the extent to which the defendant[s'] [F]ifth [A]mendment rights are implicated." *Keating*, 45 F.3d at 324 (citation omitted). In addition, courts consider the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with the civil litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325.[5]

---

[4] Defendants Neu and Jones currently face multiple felony charges in state court stemming from a series of incidents that took place between October 3, 2014 and March 25, 2015, in which they allegedly abused inmates at the San Francisco County Jail. (Dkt. No. 52-5, Ex. A at 2.)
[5] Defendants insist that the *Keating* factors apply only "in the context of civil discovery," and

2

**DISCUSSION**

Defendants seek a six-month continuance "to allow the criminal motion to proceed and any attendant deadlines to run."[6] (Dkt. No. 101 at 15.) The Court addresses the implication of Defendants' Fifth Amendment rights and the remaining *Keating* factors in turn, and concludes that a continuance is not warranted.

**A.     Defendants' Fifth Amendment Privilege**

Defendant Jones was deposed on August 8, 2018 and invoked his Fifth Amendment rights as to all questions regarding: (1) the cell extraction at issue in this case; (2) any prior complaints or allegations of misconduct and discipline against him; and (3) San Francisco Sheriff's Department policies and practices. (Dkt. No. 101-3, Ex. 1 at 2). Defendant Neu was deposed on August 9, 2018 and did *not* invoke his Fifth Amendment rights regarding the incident at issue. (Dkt. No. 101-4, Ex. 2.) However, Defendant Neu did invoke the Fifth Amendment as to questions regarding: (1) any prior complaints or allegations of misconduct and discipline against him; (2) his employment history with the San Francisco Sheriff's Department; and (3) boxing and martial arts training.

As the Ninth Circuit recognized in *Keating*:

> A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth

---

[o]utside of the discovery context" the Ninth Circuit applies the factors discussed in *Landis v. North American Co.*, 299 U.S. 248 (1936), as set forth in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). (*See* Dkt. No. 101 at 11.) Defendants are wrong. There is nothing in the *Keating* court's decision to suggest that it applies only to stays in the discovery context. Further, as noted by courts in this district, the *Keating* factors apply where a party seeks to stay civil proceedings pending the outcome of parallel *criminal* proceedings, while *Landis* applies where a party seeks to stay civil proceedings pending the outcome of other *civil* proceedings. *See e.g.*, *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 n.2 (N.D. Cal. Dec. 10, 2014) (noting that the *Keating* "test applies where party seeks to stay a civil proceeding pending the resolution of a parallel criminal proceeding"; conversely, where "a party seeks to stay a civil proceeding pending resolution of another civil proceeding, the *Landis* factors apply.") (internal citation omitted); *Federal Ins. Co. v. Laney*, No. C-12-04708 WHA, 2013 WL 594267, at *4 (N.D. Cal. Feb. 14, 2013) (rejecting party's reliance on *Landis* because the decision "is inapposite," and "does not address the issue of staying a civil proceeding pending the outcome of a criminal proceeding").

[6] Defendants specifically request that the Court: (1) "vacate the trial date of December 3, 2018 in this case"; (2) schedule "a Case Management Conference in ninety days to assess the status of Neu's and Jones' criminal proceedings"; and (3) set "a trial date no earlier than June 2019." (Dkt. No. 101 at 19.)

| | |
|---|---|
| 1 | Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a *related* criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). |

*Keating*, 45 F.3d at 326 (emphasis added). "[T]he strongest case for deferral of proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the *same* matter." *Dresser Indus., Inc.*, 628 F.2d at 1375-76 (emphasis added).

Here, both the civil and criminal cases involve allegations of proscribed conduct against inmates by Defendants Neu and Jones. However, as discussed in detail in the Court's July 3, 2018 order denying a stay of discovery, (Dkt. No. 58 at 4-5), the two cases do not implicate the same "nucleus of facts." *See McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010) (finding that civil and criminal cases implicated the same "nucleus of facts" where both arose out of the same physical altercation between plaintiff and defendant); *see also Amatrone v. Champion*, No. 15-CV-01356, 2017 WL 3334889, at *3 (N.D. Cal. Aug. 4, 2017) (finding that movant's Fifth Amendment rights were not sufficiently implicated to warrant a stay where there was some overlap between the facts of the criminal and civil cases, but movant had not met his burden of establishing "a large degree of overlap"). As the Court previously noted, Plaintiff's claims "arose out of a single incident on July 2014, while the criminal complaint is based on a separate series of incidents that took place several months later and continued into 2015." (Dkt. No. 58 at 5.) Further, "the conduct at issue in the criminal case does not involve Plaintiff," nor does it involve three of the five defendants in this action. (*Id.*)

In other words, Plaintiff's civil case and the criminal proceedings against Defendants Neu and Jones are loosely "related" only in the sense that they share two defendants and contain allegations of impermissible conduct against inmates at the San Francisco County Jail. And although Defendant Jones invoked his Fifth Amendment privilege regarding all questions related to the sole incident at issue in this case, his strategic decision to invoke the Fifth Amendment for those questions does not sufficiently implicate his Fifth Amendment rights for purposes of a stay where the criminal proceedings are factually *unrelated* to those questions and this case. *See*

*Keating*, 45 F.3d at 326 (noting that "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege[,]" even in related proceedings); *see also Dresser Indus., Inc.*, 628 F.2d at 1375-76. Defendant Neu's Fifth Amendment rights are implicated to an even lesser degree because he did *not* invoke the Fifth Amendment in response to questions related to the sole incident at issue in this case.

**B.     Other *Keating* Factors**

**1-2.     Plaintiff's Interest and Defendants' Burden**

Plaintiff filed his initial complaint in this action on July 2016, two years after the incident at issue. Plaintiff has an obvious interest in the expeditious resolution of his civil claims against Defendants, three of whom are not party to the criminal proceedings in state Court. Other than arguments regarding "significant hardship and unfairness" under the *Landis* factors, Defendants identify no burden if the trial proceeds as scheduled.[7] Indeed, the parties' have submitted their pretrial filings.

**3.     Convenience of the Court**

Defendants argue that "[r]esolution of the criminal case may allow the parties to avoid complicated evidentiary issues that will unquestionably arise at trial if [Defendants] Neu and Jones are called to testify, as well as jury-instruction disputes concerning the scope of any adverse inference." (Dkt. No. 101 at 18.) Plaintiff counters that Defendants' six-month timeframe is unrealistic because, even if the court grants the motion to dismiss in the criminal matter, the entire

---

[7] Defendants insist that "it would be especially unfair to the[ ] other codefendants—none of whom are facing criminal charges—to proceed to trial on this case without being able to present all of the evidence supporting their defenses" based on Defendant Jones' invocation of his Fifth Amendment rights. (Dkt. No. 101 at 16.) The Court is unpersuaded, however, that the deprivation of *potentially* favorable testimony from one defendant will somehow undercut the testimony of the four other defendants—all of whom testified to the incident and deny Plaintiff's allegations of excessive force. Similarly, the Court is not convinced that "other Defendants will face significant prejudice if the jury is permitted to draw negative inferences from Jones' and Neu's invocation of their Fifth Amendment rights in response to question[ing.]" (*Id.*) If the Court gives the jury an adverse inference instruction, the Court will tailor its instruction to avoid the risk of such prejudice and the jury is expected follow that instruction. *See Fields. v. Brown*, 503 F.3d 755, 787 (9th Cir. 2007) ("As a general rule, we presume that jurors follow the trial court's instructions."); *see also Myers v. United States*, 390 F.2d 793, 796 (9th Cir. 1968) (noting that courts must "proceed on the basis that the jury will follow the court's instructions where those instructions are clear and the circumstances are such that the jury can reasonably be expected to follow them.") (internal quotation marks and citation omitted).

process from decision on that motion to resolution of the appeals process will likely take at least a year. (Dkt. No. 108 at 4-5.) Thus, Plaintiff insists, "not only is it unlikely that [Defendants] Neu and Jones will be better situated to go to trial in six months than they will be on December 3, [2018,] it is virtually impossible." (*Id.* at 5.) The Court agrees.

Defendants' request for a six-month continuance assumes the occurrence of factors outside of their control in the criminal case against Defendants Neu and Jones—chief among them, the expeditious resolution of the yet-to-be-filed motion to dismiss. In other words, the Court is not convinced that the state court criminal proceedings will be "resolved" by June 2019 such that Defendants will not request another continuance at that time.

Further, Defendants had ample time to bring this motion prior to the eve of trial and did not do so. Defendants were aware that Defendants Neu and Jones invoked their Fifth Amendment rights during their respective depositions in August. Yet they waited to file their motion to continue until October 26—guaranteeing that the Court would not hear it until the eve of trial. Further, Defendants were also aware—as of October 4, 2018—that Defendant Neu "had reserved a hearing date in [his] criminal matter for December 14, 2018, for which [he] intended to file a motion to dismiss the criminal charges against [him]." (Dkt. No. 101-2 at ¶ 2.) Defendants give no explanation as to why the criminal motion could not be heard before the trial in this action. And, as no copy of the motion has been provided to the Court, it cannot evaluate its likely merits.

The parties have expended resources in submitting their pretrial briefing by the Court's November 13, 2018 deadline and have made witnesses available for the imminent and long-scheduled trial. And the Court has expended resources in preparing to try this case; in particular, the Court has cleared its calendar for nearly all of the first two weeks of December. Simply put, "the convenience of the court in the management of its cases, and the efficient use of judicial resources," *see Keating*, 45 F.3d at 325, weigh in favor of denying a continuance.

**4-5.  Interests of Third Parties and the Public**

Defendants argue, in a footnote, that these factors likewise support a stay because "[t]he public interest in the orderly administration of criminal justice dovetails with the paramount interests of public and nonparty State of California in ensuring that legal proceedings involving

6

public officers proceed fairly and openly." (Dkt. No. 101 at 18 n.7.) It is equally true, however, that the public and the State of California have an interest in fair, open, and expeditious *civil* legal proceedings involving public officers as well. Indeed, because only two of the five defendants in this case are party to the state criminal proceedings, allowing both cases to proceed will best serve the interest of ensuring the accountability of all public officers involved.

On balance, the Court concludes that the continuance requested by Defendants is not warranted.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion to continue the trial.

**IT IS SO ORDERED.**

Dated: November 21, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge