UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANVINSKI JEROME HYMES,<br><br>Plaintiff,<br><br>v.<br><br>MILTON BLISS, et al.,<br><br>Defendants. | Case No. 16-cv-04288-JSC<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE NO. 1** |

Plaintiff Scanvinski Jerome Hymes sues five current or former San Francisco Deputy Sheriffs (collectively, "Defendants") for use of excessive force during a cell extraction on July 24, 2014, while he was incarcerated at the San Francisco County Jail. At the pretrial conference held on November 20, 2018, the Court ruled on several matters. This Order supplements the Court's rulings made on the record.

## I. MOTIONS IN LIMINE

### A. Plaintiff's Motions in Limine (Dkt. No. 132)

**1.** Plaintiff's motion to exclude evidence of prior bad acts is continued to a further pretrial conference to be held on Thursday, November 29, 2018 at 2:30 p.m. On or before 5:00 p.m. on Tuesday, November 27, 2018, Defendants shall file a submission that identifies evidence of Plaintiff's conduct they intend to offer as "other acts" pursuant to Federal Rule of Evidence 404(b) and any evidence of Plaintiff's conduct that they intend to offer as context for the reasonableness of their conduct. In particular, the submission shall identify the piece of evidence by exhibit and/or witness, the purpose for which Defendants intend to use the evidence, and the basis for its admission. If Defendants intend to offer any videos pursuant to Rule 404(b) and/or for context of what Defendants knew, then they shall identify with particularity the parts of the video they intend to offer. For example, as discussed at the pretrial conference, much of the television video of Mr. Hymes may not be admissible, such as the narration. Defendants must be prepared to defend each part of the video they intend to offer into evidence and to be able to play

the video for the Court at the November 29 further pretrial conference. Defendants may not seek to admit any "other act" evidence unless and until the Court rules that it is admissible.

**2. Legal Conclusions**

Plaintiff moves for "an order in limine that Defendants cannot offer or elicit evidence of legal conclusions," in particular, from the report of Don Cameron. By the morning of November 29, 2018, at the latest, the parties shall meet and confer in person regarding Mr. Cameron's proposed testimony as set forth in his report. If a dispute remains, the Court will address it at the further pretrial conference on November 29, 2018 at 2:30 p.m. The parties shall provide the Court with a copy of Mr. Cameron's report.

**3. Arguments or Suggestions Appealing to Jurors' Self-Interest as Taxpayers**

GRANTED.

**4. Evidence of Defendants' Commendations**

GRANTED.

**5. To Require Display of Tattoos**

Plaintiff's motion for an order "that Defendants and witnesses can be required to display to the jury their tattoos" is DENIED. (*Id.* at 31.) Plaintiff has not identified any admissible evidence from his exhibit or witness list that would explain the meaning of the guessed-about tattoos, let alone make them relevant to a claim or defense in this action. Plaintiff's identification of an SF Weekly article is insufficient as the article is inadmissible hearsay. Further, the tattoo evidence is not admissible pursuant to Federal Rule of Evidence 404(b) because Plaintiff has not identified any evidence that would permit a jury to find that Mr. Neu planned or intended to beat Mr. Hymes. *See Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000). However, as discussed at the pretrial conference, Plaintiff may make a written offer of proof based on evidence Plaintiff knows he can produce (because he has documents and/or has spoken to witnesses who will testify at trial) as to this issue which the Court will address at the November 29 further pretrial conference. The written offer of proof must be filed by 5:00 p.m. on November 27, 2018. Unless and until the Court rules otherwise, Plaintiff may not attempt to elicit any testimony or submit any

2

evidence regarding tattoos and deputy gangs.

**B.     Defendants' Motions in Limine**

**1. No. 1 -- Evidence Regarding Internal Affairs Investigation (Dkt. No. 122)**

Plaintiff may admit Defendants' statements found in the internal affairs investigation records. Such statements are not hearsay. *See* Fed. R. Evid. 801(d)(2). At the pretrial conference Plaintiff explained that as the internal affairs investigation records are not on his exhibit list, he is not seeking to admit any such records.

**2. No. 2 -- Evidence Regarding Other Claims, Complaints, Allegations, Investigations, Discipline, or Prior Lawsuits Related to the Defendants for Excessive Force or Other Misconduct (Dkt. No. 123)**

Defendants seek to preclude Plaintiff from offering evidence regarding other claims, complaints, allegations, investigations, discipline, or prior lawsuits related to Defendants for excessive force or other misconduct. (Dkt. No. 123.)

> We have held that "other act" evidence is admissible under Rule 404(b) if the following test is satisfied: (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged.

*Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000). Plaintiff's response does not identify the specific "other acts" he intends to admit, or the evidence to support that the act occurred. Accordingly, Plaintiff's November 27, 2018 submission shall also identify each "other act," he intends to admit, the exhibit and/or witness that will provide the evidence to support that the act occurred (provided he has spoken to that witness and therefore has a good faith belief he will so testify), the purpose for which the evidence is being offered, and the basis for its admission. Unless and until the Court rules that an "other act" of a defendant is admissible, it may not be offered by Plaintiff through questioning or otherwise.

**3. No. 3 -- Evidence and Argument Regarding Scott Neu's Termination from SFSD (Dkt. No. 124)**

GRANTED.

//

3

### 4. No. 4 -- Criminal Charges in Proceedings Against Defendants Neu and Jones (Dkt. No. 125)

GRANTED.

### 5. No. 5 -- Adverse Inference Based on Invocation of Fifth Amendment (Dkt. No. 126)

Defendants ask the Court to: "(1) decline to give an adverse inference jury instruction regarding Neu's and Jones' invocation of the Fifth Amendment; (2) preclude examination of Neu and Jones in front of the jury, regarding questions in which they will merely invoke the Fifth Amendment; and (3) exclude argument and evidence that Neu and Jones invoked the privilege." (Dkt. No. 126 at 9.)

Deputy Jones invoked his Fifth Amendment rights as to Plaintiff's cell extraction, as well as: (1) "prior complaints or allegations of misconduct and discipline"; and (2) "SFSD policies and practices." (*Id.* at 2.) Mr. Neu did not invoke his Fifth Amendment rights regarding the incident at issue and instead answered questions related to the cell extraction. However, Mr. Neu did invoke the Fifth Amendment as to questions regarding: "(1) prior complaints or allegations of misconduct and discipline; (2) his employment history with the SFSD; and (3) boxing and martial arts training." (*Id.*)

In civil cases, District courts may issue an adverse inference jury instruction based upon an invocation of Fifth Amendment rights, *Baxter v. Palmigriano*, 425 U.S. 308, 316-18 (1976); however, "the competing interests of the party asserting the privilege, and the party against whom the privilege is invoked must be carefully balanced," *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000). Thus, "no negative inference can be drawn against a civil litigant's assertion of his privilege against self-incrimination unless there is a substantial need for the information and there is not another less burdensome way of obtaining that information." *Id.* Further, "an adverse inference can be drawn [only] when silence is countered by independent evidence of the fact being questioned." *Id.* at 1264. The court must further apply the Rule 403 balancing test and "determine whether the value of presenting the evidence is substantially outweighed by the danger of unfair prejudice to the party asserting the privilege." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 912 (9th Cir. 2008) (internal quotation marks and citations

1 omitted). "Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *Glanzer*, 232 F.3d at 1265.

Plaintiff's opposition to Defendants' motion in limine identifies two lines of questioning on which he seeks an adverse inference: (1) Deputy Jones' refusal to answer as to force used during the cell extraction, and (2) Mr. Neu's involvement in the alleged deputy gang.

As to Mr. Neu, Plaintiff does not show a "substantial need for information" related to the alleged deputy gang because it does not appear admissible. As discussed above with respect to tattoos, Plaintiff has not identified any admissible evidence regarding Mr. Neu's alleged gang participation; thus, there is no "independent evidence of the fact being questioned." Further, as discussed at the pretrial conference, Plaintiff has not identified any potential evidence that would make the alleged gang activity anything other than improper propensity evidence; thus, there is also no substantial need for the information. *See Glazer*, 232 F.3d at 1267 (noting that under the first prong of the test, "the need for the information contained in the question has to be substantial," and "[b]ecause of the legally irrelevant, and consequently inadmissible, nature of the information" sought, plaintiff "cannot show any need, let alone a substantial one, for that information.")

Plaintiff responds that even if he is not entitled to an adverse inference instruction, he should still be allowed to question Mr. Neu about areas in which he pled the Fifth Amendment privilege. The Court disagrees. If Plaintiff knows that Mr. Neu is going to plead the Fifth regarding questions about his alleged gang activity, and Plaintiff does not have a substantial need for the information or sufficient independent evidence of the question's subject, there is no point to the questioning other than to improperly cause the jury to speculate as to what the answer to the question might be or why Mr. Neu is pleading the Fifth. In other words, if no inference from the invocation of the Fifth Amendment is sought to be drawn, the question and answer are irrelevant. Further, to the extent there is any relevance, the Court finds the prejudice from such questioning outweighs its probative value and therefore excludes any questioning about Mr. Neu's alleged gang activity under Federal Rule of Civil Procedure 403 unless and until the Court rules

5

otherwise.

The analysis as to Deputy Jones is different. Unlike Mr. Neu, Deputy Jones refused to answer questions about the central issue in this lawsuit: the force he used and observed during the cell extraction. Plaintiff has independent evidence of these facts—his own testimony—and he has a substantial need given that only Deputy Jones can testify as to what he did and observed. Plaintiff may therefore question Deputy Jones as set forth in the deposition testimony attached to Plaintiff's opposition to the motion in limine. To hold otherwise would unfairly prejudice Plaintiff.

As the Court stated at the pretrial conference, given that these are the only two areas of questioning raised by Plaintiff in opposition to Defendants' motion in limine, Plaintiff is precluded from asking other questions that he knows Deputy Jones and Mr. Neu will refuse to answer on Fifth Amendment grounds. In response, Plaintiff claimed he did not understand that even if he was not asking for a jury instruction on an adverse inference, he would be precluded from merely eliciting the refusal to answer on Fifth Amendment grounds. Defendants' motion, however, sought to "preclude plaintiff from asking Neu and Jones questions to which they will assert the Fifth Amendment in front of the jury." (Dkt. No. 126 at 8.) Thus, Plaintiff was on notice to identify all the areas on which he wants to question Mr. Neu and Deputy Jones and on which they pled the Fifth; Plaintiff identified only the two areas of inquiry discussed above. Nonetheless, if Plaintiff believes that there are other areas that would be appropriate on which to question these defendants in order to elicit their refusal to answer on Fifth Amendment grounds, and Plaintiff believes such questions would be relevant and not run afoul of Rule 403 as explained by the Court above, then on or before November 27, 2018 at 5:00 p.m. he shall file a written submission that identifies the specific line of questioning.

**No. 7 -- "Paramilitary" or Similar, Inflammatory Language (Dkt. No. 128)**

DENIED.

**No. 8 -- Evidence and Argument that Plaintiff was Subjected to Racial Bias (Dkt. No. 129)**

GRANTED for the same reasons as the Court denied Plaintiff's motion in limine regarding

1 tattoos.

## II. EXHIBIT AND WITNESS LISTS

In light of the Court's rulings and the discussions at the pretrial conference, the parties shall revise their witness and exhibit lists. The revised lists shall be filed by November 27, 2018 at 5:00 p.m.

## III. MEET AND CONFER

Lead trial counsel for the parties shall meet and confer in person on November 28, 2018 or the morning of November 29, 2018 at the latest, to discuss the November 27, 2018 submissions and attempt to resolve any objections to admission of the identified evidence.

## IV. DISCOVERY DISPUTE (Dkt. No. 154)

As discussed at the pretrial conference, Plaintiff no longer seeks medical records and the Court denies his request for CLETS records. Defendants represented that nearly all of the remaining documents had been produced, but there was no agreement on what had or had not been produced; accordingly, Defendants shall specifically identify for Plaintiff what is currently withheld. Defendants shall produce anything in the withheld records that are statements of defendants. Defendants' Fifth Amendment privilege objection is overruled. The Court is not ordering Deputy Jones or Mr. Neu to produce anything in their custody, control or possession; instead, these statements are in the custody, control or possession of the City and County of San Francisco. *See Fisher v. United States*, 425 U.S. 391, 397 (1976).

## CONCLUSION

The Court will hold a further pretrial conference at 2:30 p.m. on Thursday, November 29, 2018.

This Order disposes of Docket Nos. 122, 123, 124, 125, 126, 128, 129, 132 and 154.

**IT IS SO ORDERED.**

Dated: November 21, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge