# Exhibit G

```
                                                              1

 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                   SAN FRANCISCO DIVISION

 4                         ---oOo---

 5   SCANVINSKI JEROME HYMES,

 6              Plaintiff,

 7        vs.                    Case No. 3:16-cv-04288-JSC

 8   MILTON BLISS, VICTOR M. SANCHEZ,
     JOSEPH A. LEONARDINI, SCOTT NEU,
 9   EUGENE A. JONES, PAUL TIMPANO,
     PIERRE A. GRAY,
10
              Defendants.
11   _____/

12

13

14

15        VIDEOTAPED DEPOSITION OF SCOTT NEU

16              Thursday, August 9, 2018

17            NONCONFIDENTIAL TRANSCRIPT

18            Pages 1-42; 44-59; 63-94

19

20       CLARK REPORTING & VIDEO CONFERENCING

21          2140 SHATTUCK AVE. STE. 407

22              BERKELEY, CA  94704
                     510.486.0700
23   REPORTED BY:

24   SANDRA L. CARRANZA, CRR, RPR, CSR 7062

25
```

2

**I N D E X**

**DEPOSITION OF SCOTT NEU**

| EXAMINATION BY: | PAGE |
|---|---|
| MR. KATON | 6, 92 |
| MS. ROSENBLIT | 92 |

| | |
|---|---|
| CONFIDENTIAL PORTION - BOUND SEPARATELY | 43 |
| CONFIDENTIAL PORTION - ATTORNEYS' EYES ONLY - BOUND SEPARATELY | 60-62 |

**PLAINTIFF'S EXHIBITS MARKED**

| | | |
|---|---|---|
| Exhibit 1 | Incident Report Statement | 39 |
| Exhibit 2 | SF Sheriff's Dept. Policy and Procedure - Use of Force | 48 |
| Exhibit 3 | SF Sheriff's Dept. Policy and Procedure - SORT - Cell Extraction | 49 |
| Exhibit 4 | SF Sheriff's Dept. Policy and Procedure - Incident Reports | 50 |

---oOo---

```
                                                              3

 1                   A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFF:

 4                  KATON LAW
                    BY:  GLENN KATON, ATTORNEY AT LAW
 5                  385 Grand Avenue, Suite 200
                    Oakland, California 94610
 6                  (510) 463-3350
                    gkaton@katon.law
 7
                    CAITLIN KELLY HENRY, ATTORNEY AT LAW
 8                  1201 MLK Way, Suite 200
                    Oakland, California 94612
 9                  (510) 277-2025
                    ckh@cailinkellyhenry.com
10

11   FOR THE DEFENDANTS:

12                  OFFICE OF THE CITY ATTORNEY
                    BY:  RENEE E. ROSENBLIT
13                  1390 Market Street, Sixth Floor
                    San Francisco, California 94102
14                  (415) 554-3853
                    renee.rosenblit@sfcityatty.org
15

16   FOR THE DEFENDANT SCOTT NEU:

17                  RAINS LUCIA STERN, PC
                    BY:  NICOLE PIFARI, ATTORNEY AT LAW
18                  220 Montgomery Street, 15th Floor
                    San Francisco, California 94104
19                  (415) 341-9341
                    npifari@rslawyers.com
20

21   ALSO PRESENT:  JOSEPH MOURGOS, VIDEOGRAPHER

22

23   TAKEN AT:      CLARK REPORTING AND VIDEO
                    CONFERENCING
24                  2140 Shattuck Avenue Suite 407
                    Berkeley, California 94704
25
```

SCOTT NEU

10

10:14  1      A.   I believe a day or two before supervisory
       2  staff came into muster and they let us know that an
       3  inmate named Scavinski Hymes would be coming to be
       4  housed at the jail.  They also mentioned that he was
10:15  5  on the show MSNBC San Quentin's Most Violent Inmates
       6  TV show.  They didn't show the video but they did
       7  suggest that we do some due diligence and look at
       8  the video so we understand who we have coming up for
       9  the jail.  And they also mentioned that he had the
10:15 10  most violations for violent offenses in the
      11  California Penal Code system -- prison system.
      12      Q.   Could you say that last thing one more
      13  time, "most" ...
      14      A.   Violent offenses in the California prison
10:15 15  system.
      16      Q.   Do you remember anything else that you were
      17  told about Mr. Hymes?
      18           MS. ROSENBLIT:  Objection.  Vague as to
      19  time.
10:15 20           MR. KATON:  Q.  At that muster that you
      21  were talking about.
      22      A.   No.
      23      Q.   Did you in fact do any due diligence to
      24  look further into Mr. Hymes' background?
10:16 25      A.   I did.

10:16  1    Q.   What did you -- what did you do?
       2    A.   I ran a Google search for his name.  I saw
       3  the video in question and watched the entirety of
       4  the show.
10:16  5    Q.   Anything else?
       6    A.   I also noticed he had a Facebook page up at
       7  that time.
       8    Q.   Anything you remember about the Facebook
       9  page?
10:16 10    A.   I remember there were some entries that
      11  someone put in there about him getting paid for the
      12  show, something to do with monetary dollar amount
      13  for being on the show, but otherwise, no.
      14    Q.   Is there anything else that you came across
10:16 15  in your due diligence?
      16    A.   That was it.
      17    Q.   And who -- if you remember, who was it who
      18  provided you with this information about Mr. Hymes
      19  coming to the jail and suggesting that deputies do
10:17 20  some due diligence?
      21    A.   It was supervisory staff.  I don't remember
      22  exactly who it was.
      23    Q.   And is your best estimation of when that
      24  meeting took place, I think you said one or two days
10:17 25  before the 24th of July?

94

1      REPORTER CERTIFICATE

2          I, the undersigned, a Certified Shorthand

3  Reporter of the State of California, do hereby

4  certify:  That the foregoing proceedings were taken

5  before me at the time and place herein set forth;

6  that any witnesses in the foregoing proceedings,

7  prior to testifying, were duly sworn; that a record

8  of the proceedings was made by me using machine

9  shorthand which was thereafter transcribed under my

10 direction; that the foregoing transcript is a true

11 record of the testimony given.

12         Further, that if the foregoing pertains to

13 the original transcript of a deposition in a Federal

14 Case, before completion of the proceedings, review

15 of the transcript [  ] was [X] was not requested.

16         I further certify I am neither financially

17 interested in the action nor a relative or employee

18 of any attorney or party to this action.

19 IN WITNESS WHEREOF, I have this date subscribed my

20 name.

21 Dated:  August 13, 2018

22         _____

23              SANDRA L. CARRANZA
                  CSR No. 7062
24

25