UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANVINSKI JEROME HYMES,<br><br>    Plaintiff,<br><br>    v.<br><br>MILTON BLISS, et al.,<br><br>    Defendants. | Case No. 16-cv-04288-JSC<br><br>**PROPOSED VOIR DIRE** |

The Court intends to question the potential jurors in the box along the lines of the following questions. Each side will have 30 minutes to conduct their own voir dire following the Court's questioning. The Court will ask the venire as a whole questions regarding availability, disability, language issues, and knowledge of lawyers, parties and witnesses. Each juror in the box will also orally answer background questions from a sheet before the Court begins questioning.

**1.** During the past five years, have any of you served on a jury?

- Was it a civil or a criminal case?

- There is a substantial difference between the burden of proof in a criminal trial and the burden of proof in a civil trial.

- In a criminal trial, the prosecution must prove all the essential facts <u>beyond a reasonable doubt</u>.

- In a civil trial such as this one, by contrast, the burden of proof is less demanding. To win a civil case, the plaintiff must prove all the essential facts by <u>a preponderance of the evidence</u>.

- "Preponderance of the evidence" means that after the jury takes into account the evidence the defendant has presented, the jury concludes that the essential facts are more likely true than not true.

- Will you be able to put aside your prior jury experience as you sit in this case, to ignore completely anything you learned about the law or evidence in those cases, and decide this case solely on the basis of the evidence that I admit during this trial and on the law as I instruct you in it?

**2.** Have any of you, or has anyone in your immediate family, been a party (either as a plaintiff or as a defendant) to any lawsuit, civil or criminal? If so, please raise your hand.

- If so, who (you or a family member) was the party to the case?

- Was the person a plaintiff or a defendant?

- What was the nature of the case?

- Was it tried by jury?

- Without saying what verdict you reached, were you able to reach a verdict in that case?

- Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, only on the basis of the evidence I admit during this trial and the law as I instruct you in it?

**3.** Separate from being a party in a lawsuit, have any of you ever had a claim made against you for injury to another person?

**4.** Have any of you ever been a witness in state or federal court in any lawsuit, civil or criminal? Raise your hand.

- Did you testify for the plaintiff or the defendant?

- What was the nature of the case?

- Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, solely on the basis of the evidence I admit during this trial and the law as I instruct you in it?

**5.** Have you or any close relative or friend worked in law enforcement?

**6.** Have you or any close relative or friend worked in jails or prisons?

**7.** Have you or any close relative or friend worked for a prosecuting agency, such as the district attorney or United States Attorney, or for a public defenders' office?

**8.** Other than your interactions with friends or relatives who work in law enforcement, have you personally had any interactions with law enforcement?

**9.** Do any of you have any special knowledge about jails or prisons?

**10.** Have you or any close friend or relative every been incarcerated in jail or prison?

**11.** Do any of you have any special knowledge of or involvement with civil rights laws?

**12.** Have any of you or a close relative or friend worked as a doctor, chiropractor, nurse or similar medical professional?

**13.** Have any of you, or a close relative or friend, been the victim of a crime?

**14.** As I said before, in this case the plaintiff alleges that San Francisco Sherriff Deputies used excessive force against him at the San Francisco County jail while he was a pretrial detainee. Is there anything about the subject matter of this lawsuit which would make it difficult for you to sit as a neutral and impartial juror?

**15.** Do any of you have any personal feelings about lawsuits that seek monetary compensation for injuries and damages, including emotional distress, that may impair your ability to be fair and impartial in this case?

**16.** Would any of you be embarrassed to sit on a jury that issued a verdict in favor of a pretrial jail detainee?

**17.** Would any of you be embarrassed to sit a jury which issued a verdict in favor of a Sheriff's Deputy?

**18.** If you are selected to sit as a juror, you must be able and willing to render a verdict solely on the evidence presented at the trial and the law as I instruct you and not based upon your emotions, or any preconceived notions about the facts or the law in this case? Is there anyone who thinks he or she cannot do that?

**IT IS SO ORDERED.**

Dated:

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge