UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCANVINSKI JEROME HYMES,

            Plaintiff,

      v.

MILTON BLISS, et al.,

           Defendants.

Case No. 16-cv-04288-JSC

**[SECOND PROPOSED] JURY INSTRUCTIONS**

# DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.

United States District Court
Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in closing arguments, or have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

As I instructed you during trial, some evidence has been admitted only for a limited purpose, in particular, evidence regarding the facts communicated to Defendants about Mr. Hymes.  You must consider the evidence only for that limited purpose, that is, for understanding what the defendants were told or learned about Mr. Hymes and not for any other purpose.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question may have been answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

2

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4   testimony by a witness about what the witness personally saw or heard or did.  Circumstantial

5   evidence is proof of one or more facts from which you could find another fact. You should

6   consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7   either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8   evidence.

9        By way of example, if you wake up in the morning and see that the sidewalk is wet, you

10  may find from that fact that it rained during the night.  However, other evidence, such as a turned

11  on garden hose, may provide a different explanation for the presence of water on the sidewalk.

12  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

13  consider all the evidence in the light of reason, experience and common sense.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

# CREDIBILITY OF WITNESSES

3          In deciding the facts in this case, you may have to decide which testimony to believe and

4   which testimony not to believe.  You may believe everything a witness says, or part of it, or none

5   of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

6          In considering the testimony of any witness, you may take into account:

7

8          (1)      the opportunity and ability of the witness to see or hear or know the things testified

                        to;

9

10         (2)      the witness's memory;

11         (3)      the witness's manner while testifying;

12         (4)      the witness's interest in the outcome of the case and any bias or prejudice;

13         (5)      whether other evidence contradicted the witness's testimony;

14         (6)      the reasonableness of the witness's testimony in light of all the evidence; and

15         (7)       any other factors that bear on believability.

16         The weight of the evidence as to a fact does not necessarily depend on the number of

17   witnesses who testify.

18

19

20

21

22

23

24

25

26

27

28

1

2

# EXPERT EVIDENCE

3    You have heard testimony from Mr. Don Cameron, Dr. George Oldham, and Dr. Bruce

4 Wapen who testified to opinions and the reasons for their opinions.  This opinion testimony is

5 allowed because of the education or experience of these witnesses.

6    Opinion testimony should be judged just like any other testimony.  You may accept it or

7 reject it, and give it as much weight as you think it deserves, considering the witness's education

8 and experience, the reasons given for the opinion, and all the other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATIONS OF FACT

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved.

United States District Court
Northern District of California

# INVOCATION OF THE FIFTH AMENDMENT

During the trial you heard Deputy Eugene Jones decline to answer certain questions on the grounds of his Fifth Amendment privilege.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, such as this one, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to Deputy Jones.

Any inference you may draw should be based upon all the facts and circumstances in this case as you may find them. You may not draw the inference against any defendant other than the defendant who invoked the Fifth Amendment.

# CLAIMS AND DEFENSES

To help you follow these instructions, I will again give you a brief summary of the parties' positions.

Plaintiff Scanvinski Hymes brings this case under the federal civil rights act. On July 24, 2014, Mr. Hymes was a pretrial detainee in San Francisco County jail. Mr. Hymes alleges that during a cell extraction the defendants used excessive force or failed to intervene in violation of the 14th Amendment to the United States Constitution.

Mr. Hymes' claim is limited to the force he alleges Defendants used while Mr. Hymes was on the floor during the July 24, 2014 cell extraction. Mr. Hymes does not claim that (1) Sergeant Bliss used excessive force in using pepper spray against Mr. Hymes, or (2) Defendants used excessive force in taking Mr. Hymes to the ground during the cell extraction.

Defendants maintain that they used reasonable force during the lawful cell extraction and did not fail to intervene. Defendants also maintain that they did not intend to cause harm to Mr. Hymes, and they dispute the extent of Mr. Hymes' injuries.

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all the evidence, regardless of which party presented it.

## SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION

The plaintiff, Scanvinski Hymes, brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—**

**ELEMENTS AND BURDEN OF PROOF**

To prevail on his section 1983 claim against the Defendants Milton Bliss, Pierre Gray, Eugene Jones, Scott Neu, and/or Paul Timpano, the plaintiff, Mr. Hymes, must prove each of the following elements by a preponderance of the evidence:

(1)     the defendant acted under color of law; and

(2)     the act or failure to act of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of state law.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the other instructions, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**PARTICULAR RIGHT – FOURTEENTH AMENDMENT – EXCESSIVE FORCE**

In general, under the Fourteenth Amendment, a law enforcement officer may not use excessive force on a pretrial detainee. To prove excessive force in this case, the plaintiff must prove by a preponderance of the evidence that Defendants Pierre Gray, Eugene Jones, Scott Neu, and/or Paul Timpano used excessive force on the plaintiff while he was on the floor during the cell extraction on July 24, 2014.

A law enforcement officer is not required to use the least amount of force possible, but may only use such force as is "objectively reasonable" under the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether a defendant used excessive force in this case, consider all the circumstances known to the defendant on the scene, including:

(1)     The circumstances known to the deputies at the time force was applied;

(2)     Whether the plaintiff posed an immediate threat to the safety of the deputies or to others;

(3)     Whether the plaintiff was actively resisting the deputies;

(4)     The amount of time the deputies had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     The type and amount of force used;

(6)     The availability of alternative methods to subdue the plaintiff;

(7)     Whether it was practical for the deputy[ies] to give warning of the imminent use of force, and whether such warning was given; and

(8)     The extent of the plaintiff's injury, if any.

# FAILURE TO INTERVENE

Plaintiff contends that one or more defendants violated his right to be free from the excessive use of force and that one or more other defendants should be liable for that violation because they failed to intervene to stop the violation.

A defendant is liable for that violation if plaintiff has proven all of the following four things by a preponderance of the evidence:

1. One or more defendants violated plaintiff's right to be free from the excessive use of force;

2. One or more defendants had a duty to intervene. I instruct you that sheriff's deputies have a duty to intervene to prevent the use of excessive force by a fellow deputy.

3. One or more defendants was aware of the excessive use of force and had a reasonable opportunity to intervene; and

4. One or more defendants who had that opportunity, failed to intervene.

## SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

To prevail on his section 1983 claim against the supervisory defendant, Milton Bliss, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)    the supervisory defendant acted under color of state law;

(2)    the act or failure to act of the supervisory defendant's subordinates deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

(3)    the supervisory defendant directed his subordinates in the act or failure to act that deprived the plaintiff of these rights; and

(4)    the supervisory defendant's conduct was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the other instructions, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

## CAUSATION

To establish that the acts or failures to act of Defendants Milton Bliss, Pierre Gray, Eugene Jones, Scott Neu, or Paul Timpano deprived the plaintiff, Scanvinski Hymes, of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts or failures to act were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**USE OF FORCE CAUSING INJURY**

Use of reasonable force can result in an injury, even a serious injury. However, a deputy is only liable if he uses excessive force. If a deputy uses reasonable force, the deputy cannot be liable under any circumstance, even if a serious injury results.

**VIOLATION OF SHERIFF'S DEPARTMENT POLICY**

A defendant's violation of a policy of the San Francisco Sheriff's Department does not necessarily establish a constitutional violation. Likewise, a defendant's actions consistent with a policy of the San Francisco Sheriff's Department does not necessarily establish that those actions are constitutional. The standard for determining whether a defendant used unconstitutional excessive force is explained in the "Particular Rights—Fourteenth Amendment—Excessive Force" instruction.

United States District Court
Northern District of California

# PROVING DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must also determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by one or more defendant.  You should consider the following:

(1)     The nature and extent of the injuries;

(2)     The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

(3)     The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

# PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded. You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

You may impose punitive damages against one or more of the defendants and not others. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

If you find that a punitive damages award is warranted in this case, you will receive additional evidence and instruction concerning the amount of punitive damages to be awarded.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations you will not have a transcript of the trial testimony.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

# DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy

of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

1                                 **RETURN OF VERDICT**

2

3      A verdict form has been prepared for you. After you have reached unanimous agreement

4 on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

5 and advise the court that you are ready to return to the courtroom.