UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUDGE JACQUELINE SCOTT CORLEY     Case No. 16-cv-04288-JSC

CASE NAME: Hymes v. Bliss

NOTE FROM THE JURY

Note No. 1

Date 12/11/18

Time 1:45 pm.

1. The Jury has reached a unanimous verdict ( )

   or

2. The Jury has the following question:

What are the consequences of us not coming to a unanimous decision?

_____
Foreperson of the Jury

Response to Jury Note No. 1, December 11, 2018

**If the jury does not reach a unanimous verdict on a particular claim against a particular defendant, then that would result in a mistrial on that claim, and that particular claim may have to be tried again. The Court encourages the jury to continue their deliberations.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUDGE <u>JACQUELINE SCOTT CORLEY</u>     Case No. <u>16-cv-04288-JSC</u>

CASE NAME: <u>Hymes v. Bliss</u>

## NOTE FROM THE JURY

Note No. 2

Date 12/12/18

Time 9:20 am

1. The Jury has reached a unanimous verdict ( )

   or

2. The Jury has the following question:

If deputy Jones 5th amendment plea can infer that he either a) is protecting himself from something he did or b) protecting himself from something he saw & failed to report, And we have reason to believe (based on the evidence) that he did not physically do anything... the logical conclusion is that he saw something that he failed to report on... Our question then, is, are we allowed to conclude that one of the other officers committed an act that Jones failed to report (or intervine with) by way of circumstantial evidence, or does that violate the terms of the 5th amendment right that " you may not draw the inference against any defendant other than the defendant who invoked the 5th Amendment?"

[signature] Foreperson of the Jury

**Answer to Jury's Question No. 2**

**December 12, 2018**

You are permitted to find that one of the other deputies committed an act that Jones failed to report (or intervene with) based on circumstantial evidence *other than* Mr. Jones' invocation of the Fifth Amendment. Mr. Jones' invocation of the Fifth Amendment cannot play a role in your finding that another deputy committed a particular act.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUDGE JACQUELINE SCOTT CORLEY        Case No. 16-cv-04288-JSC

CASE NAME: Hymes v. Bliss

NOTE FROM THE JURY

Note No. 3
Date 12/12/18
Time 11:35 AM

1. The Jury has reached a unanimous verdict ( )

   or

2. The Jury has the following question:

In the event of a unanimous decision, are we permitted (the jury) to make a statement? (To the court).

_____
Foreperson of the Jury

In other words:
Upon the reading of the verdict, is the jury permitted to make an additional statement to the court. If so, what would be the conditions?

After the verdict is rendered, and the jury is discharged, the court will speak to the jury in the jury room.

# Q.4

11:53 AM

## Restatement

① Is it possible for the jury to communicate a statement directly to the plaintiff and defendants at the time of the verdict?

(if not)

② Is it possible for "the court" to convey to the plaintiff + defense the information communicated per the previous response [the jury communicated in the jury room after the verdict.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUDGE JACQUELINE SCOTT CORLEY       Case No. 16-cv-04288-JSC

CASE NAME: Hymes v. Bliss

NOTE FROM THE JURY

Note No. 3

Date 12/12/2018

Time 12:40

1. The Jury has reached a unanimous verdict ( )

   or

2. The Jury has the following question:

The jury is hung on some counts and have a verdict on some counts. We feel we have fully exhausted all deliberations.

_____
Foreperson of the Jury

What is the process from here?
Should we take 1/2 hour for lunch now?