UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANVINSKI JEROME HYMES,<br><br>Plaintiff,<br><br>v.<br><br>MILTON BLISS, et al.,<br><br>Defendants. | Case No. 16-cv-04288-JSC<br><br>**ORDER RE: DEFENDANTS' AMENDED MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: Dkt. No. 251 |

Plaintiff Scanvinski Jerome Hymes sued five current or former San Francisco Deputy Sheriffs (collectively, "Defendants") for the use of excessive force on July 24, 2014 while he was incarcerated at the San Francisco County jail.[1] (Dkt. No. 43.)[2] The case was tried before a jury and on December 12, 2018, the jury returned a partial verdict for the defense, finding that two of the defendants did not use excessive force. (Dkt. No. 223.) The jury could not reach a verdict as to the remaining defendants and claims. (*Id.*) Now pending before the Court is Defendants' renewed motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b). (Dkt. No. 251.) After careful consideration of the parties' briefing and the trial record, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Defendants' motion.

**DISCUSSION**

After the close of Plaintiff's case on December 7, 2018, Defendants moved for judgment as a matter of law, pursuant to Rule 50(a). (Dkt. No. 229.) The Court denied Defendants' motion.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 1 & 21.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

(*Id.* at 26.) After trial, Defendants filed the instant motion under Rule 50(b) on the same substantive grounds asserted in the Rule 50(a) motion; specifically: (1) Plaintiff's excessive force and failure to intervene claims fail; (2) Plaintiff's supervisory liability claim against Defendant Bliss fails; (3) an adverse inference based on Defendant Jones' invocation of the Fifth Amendment is not warranted; (4) Defendants are entitled to qualified immunity; and (5) Plaintiff's punitive damages claim fails. (*See* Dkt. Nos. 229 & 251.)

In considering a motion for judgment as a matter of law, courts "must draw all reasonable inferences in favor of the *nonmoving* party," and cannot "make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (emphasis added). The *Reeves* Court described the Rule 50 standard of review thusly:

> [A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.

*Id.* at 150-51 (internal quotation marks and citations omitted). Defendants' arguments in support of their Rule 50(b) motion essentially turn the applicable standard of review on its head. In other words, Defendants' arguments on each ground are premised on inferences drawn in *Defendants'* favor, not Plaintiff's. As such, Defendants' motion fails.

**CONCLUSION**

The Court DENIES Defendants' Rule 50(b) motion for judgment as a matter of law. Defendants' arguments in support of their motion require the Court to draw inferences in Defendants' favor, which is contrary to the applicable standard of review. The March 28, 2019 hearing is vacated as to oral argument on this motion; however, the parties shall appear on that date to discuss the issue of Defendants' challenge to Plaintiff's exhaustion of administrative remedies. The Court had deferred that issue until after the jury trial in light of Defendants raising the defense late in the case, but the Court neglected to address the topic at the post-trial case management conference. Accordingly, the parties shall meet and confer on or before March 26, 2019 and jointly submit a written statement detailing their proposal as to how to proceed on the

exhaustion issue.

**IT IS SO ORDERED.**

Dated: March 21, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge